Roy Dale RICHARDSON, Appellant,

v.

UNITED STATES of America,
et al., Appellees.

Nos. 98–5176, 98–5236.

United States Court of Appeals,
District of Columbia Circuit.

Argued Oct. 5, 1999.

Decided Oct. 22, 1999.

Kimberlee Cleaveland, Student Counsel, argued the cause as amicus curiae for appellant. On the briefs were Steven H. Goldblatt, appointed by the court, and Todd Coltman, Nikhil Singhvi and Olivier Sylvain, Student Counsel.

Roy Dale Richardson, appearing pro se, was on the briefs for appellant.

Somesha Ferdinand, Attorney, U.S. Department of Justice, argued the cause for appellees. With her on the brief were David W. Ogden, Acting Assistant Attorney General, Jeffrey Axelrad and Mary McElroy Leach, Attorneys, and Wilma A. Lewis, U.S. Attorney.

Before: EDWARDS, Chief Judge, WALD and WILLIAMS, Circuit Judges.

Opinion for the Court filed by Chief Judge HARRY T. EDWARDS.

HARRY T. EDWARDS, Chief Judge:

Roy Richardson brought this action under the Federal Tort Claims Act ("FTCA") and Swine Flu Act for injuries allegedly suffered as a result of his 1976 swine flu vaccination while serving in the United States Air Force. The District Court dismissed Mr. Richardson's *pro se* complaint for lack of subject matter jurisdiction, holding that his allegation fell within the discretionary function exception to the FTCA. *See* 28 U.S.C. § 2680(a) (1994). Subsequently, the court denied Mr. Richardson's motion for reconsideration and for leave to amend the complaint.

On the record before us, we find that Mr. Richardson effectively amended his complaint when he filed a timely response to the Government's motion to dismiss. The amended complaint easily satisfied liberal pleading requirements, for it made clear that Mr. Richardson was not seeking compensation for tortious acts or omissions of military personnel, but, rather, for the vaccine manufacturer's alleged tortious conduct in producing a defective vaccine. Indeed, Mr. Richardson specifically cited *Hunt v. United States*, 636 F.2d 580 (D.C.Cir.1980), in asserting that his claim was based on the defective or negligent manufacturing of the vaccine. Because Mr. Richardson effectively amended his complaint to state a legitimate claim over which the District Court had subject matter jurisdiction, we must reverse the trial court's judgment dismissing his complaint. In light of this holding, we have no need to reach Mr. Richardson's argument that the District Court abused its discretion by failing to grant him leave to amend his complaint after it was dismissed.

## I. BACKGROUND

On November 19, 1976, while Roy Dale Richardson was on active duty with the U.S. Air Force at Tinker Air Force Base, in Oklahoma City, Oklahoma, military personnel ordered him to be vaccinated with the swine flu vaccine. Richardson alleges that he suffered a "near toxic allergic reac-

tion" to the vaccine, causing him to be hospitalized for four days, and that hospital tests conducted at that time revealed a "mitral valve leak" and hypertension. *See* Complaint ¶¶ 11, 17, *reprinted in* App. to Br. of *Amicus Curiae* ("App.") 6–7. Mr. Richardson was honorably discharged on May 16, 1977.

Mr. Richardson claims that he did not become aware of the full extent of his vaccine-caused injuries until April 1995, at which time he was awarded Veteran's Administration disability compensation. He alleges that his injuries are varied, including kidney stones, numerous cardiovascular diseases, and possible leukoplakia. On August 27, 1997, after filing sundry administrative complaints, Mr. Richardson filed this complaint *pro se* in District Court seeking damages and equitable relief under the FTCA and the Swine Flu Act. In his initial complaint, he alleged that the United States was "negligent in this action, because the swine flu vaccine which was administered to the Plaintiff was double the recommended dose for civilians or other non-military personnel." *Id.* ¶ 18, *reprinted in* App. 8.

On November 12, 1997, the United States moved to dismiss the action for lack of subject matter jurisdiction, making three arguments. First, the United States argued that the *Feres* doctrine bars the claims under the FTCA. *See Feres v. United States*, 340 U.S. 135, 146, 71 S.Ct. 153, 95 L.Ed. 152 (1950) (precluding FTCA liability for the Government for claims based on injuries that "arise out of or are in the course of activity incident to [military] service"). Alternatively, the Government argued that the FTCA's statute of limitations bars Mr. Richardson's claims. Finally, the United States contended that the claims fall within the discretionary function exception to the FTCA, *see* 28 U.S.C. § 2680(a), because Mr. Richardson challenged discretionary policy-based decisions by asserting that the military negligently administered a double-dose of the vaccine.

On December 9, 1997, Mr. Richardson filed a response to the Government's motion to dismiss. He asserted that he did not seek compensation for tortious acts or omissions of military personnel, but for the "vaccine manufacture's [sic] tortious conduct, conduct that, absent the [Swine Flu] Act, would give rise to a claim assertable directly against the manufacturer." Resp. to Def.'s Mot. to Dismiss at 2, *reprinted in* App. 38. Mr. Richardson claimed that the vaccine manufacturer would be liable under local law absent the Swine Flu Act, because it "produced a defective vaccine." *See id.* at 3, *reprinted in* App. 39. Mr. Richardson denied basing his claim on "any military order" and instead argued that his claim was based on the defective or negligent manufacturing of the vaccine. *See id.* at 3–4, *reprinted in* App. 39–40 (citing *Hunt,* 636 F.2d at 599 (holding that the *Feres* doctrine does not apply to Swine Flu Act claims alleging injury from negligently or defectively manufactured vaccine)). Mr. Richardson also disputed the Government's argument regarding his compliance with the statute of limitations.

On March 13, 1998, the District Court granted the Government's motion to dismiss on the ground that the discretionary function exception barred the claim alleged in the original complaint, but the court dismissed the complaint without prejudice because the "basis for liability [alleged in the original *pro se* complaint] may have been nothing more than a pleading error." Mem. Op. at 5, *reprinted in* App. 62. The District Court noted that, in response to the Government's motion to dismiss, Mr. Richardson "broadly declares that he was vaccinated with defective serum, but he does not allege how the serum was defective other than it was double the recommended dose." *Id.* at 4, *reprinted in* App. 61. The District Court held that Mr. Richardson could not establish liability based upon the military's decision to administer beyond the recommended dose. *See id.* at 5, *reprinted in* App. 62.

The District Court rejected the Government's argument regarding the *Feres* doctrine, noting that dismissal on this basis would directly conflict with *Hunt.* See *id.* at 3, *reprinted in* App. 60. It also rejected the Government's statute of limitations argument, concluding that the complaint's allegations must be read in Mr. Richardson's favor as to when he first discovered the cause of his alleged injuries. *See id.*

On May 4, 1998, Mr. Richardson moved for an extension of time to move for leave to file an amended complaint. The District Court denied the motion on May 6, 1998. On May 7, 1998, Mr. Richardson filed a motion for leave to file an amended complaint pursuant to FED.R.CIV.P. 15(a), requesting leave to add new claims. The proposed amended complaint filed with this motion indicates that Mr. Richardson intended to replace his claim based on double-dosing with a claim based on products liability. *See* Amended Complaint ¶¶ 20, 21, *reprinted in* App. 80–81. The District Court denied the motion on May 13, 1998, stating that Mr. Richardson must first be granted a motion to alter or amend the judgment pursuant to FED.R.CIV.P. 59(e) before he could file a motion to amend the complaint. Mr. Richardson filed separate notices of appeal from the order dismissing his case and the order denying his motion for leave to amend. On June 19, 1998, this court consolidated both appeals, and, on February 16, 1999, we appointed *amicus curiae* to argue in support of Mr. Richardson.

## II. ANALYSIS

No one doubts that Mr. Richardson's original complaint would properly be dismissed for lack of subject matter jurisdiction, because of the discretionary function exception. *See, e.g., Hunt,* 636 F.2d at 597 n. 44 (stating that the "decision of the military to administer a stronger-than-usual dose" can not be a basis for liability under the Swine Flu Act). The question is whether Mr. Richardson fairly amended his complaint to add a claim based on

products liability and, if so, whether his claim was thereafter properly dismissed.

The District Court's opinion is open to two reasonable interpretations. First, the opinion can be read as dismissing Mr. Richardson's complaint based on his original filing only, disregarding the apparent change of course intended by Mr. Richardson in adding a claim based on defective manufacturing. Second, and less likely, the court's opinion can be read as accepting Mr. Richardson's claim that he was bringing an action based on products liability and dismissing the complaint nevertheless. In either case, we reverse the District Court.

### A. The District Court's Treatment of Mr. Richardson's Reply to the Motion to Dismiss

On the record at hand, we hold that the District Court abused its discretion in failing to consider Mr. Richardson's complaint in light of his reply to the motion to dismiss. *See Anyanwutaku v. Moore*, 151 F.3d 1053, 1059 (D.C.Cir.1998). There are four factors that inform our holding that the District Court erred in refusing to consider Mr. Richardson's reply to constitute an amendment to his original complaint.

First, Mr. Richardson proceeded *pro se* before the District Court. Courts must construe *pro se* filings liberally. *See, e.g., Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam) (holding allegations contained in a prisoner's *pro se* complaint to less stringent standards than pleadings written by counsel in reversing a dismissal for failure to state a claim). This point was recently emphasized in *Anyanwutaku*, in which the District Court had dismissed a *pro se* complaint *sua sponte. See* 151 F.3d at 1054. The plaintiff had initially filed a "confusing" complaint that the District Court dismissed the same day it was filed. *See id.* After the dismissal, the plaintiff filed a motion for reconsideration and, subsequently, an " 'addendum' " to the motion.

*See id.* The District Court denied the motion for reconsideration. *See id.* at 1055. This court reversed, reading all of the plaintiff's filings together to conclude that the District Court abused its discretion by denying the motion for reconsideration of its dismissal of one of the plaintiff's claims. *See id.* at 1058–59. While *Anyanwutaku* involved the construction of a complaint rather than amendment, here we similarly find that the District Court should have read all of Mr. Richardson's filings together before dismissing this case for lack of subject matter jurisdiction. *See id.* at 1059 ("[W]e think the district court should have permitted his claim, drafted *pro se* and based on legitimate factual allegations, to proceed."); *see also Pearson v. Gatto,* 933 F.2d 521, 527 (7th Cir.1991) (applying *Haines* to hold that the District Court should have construed a *pro se* plaintiff's letter to judge to be an amended complaint); *Cooper v. Sheriff, Lubbock County, Texas,* 929 F.2d 1078, 1081 (5th Cir.1991) (finding, in an appeal of a FED. R.Civ.P. 12(b)(6) dismissal, that the magistrate judge should have considered a *pro se* litigant's reply to the defendant's answer as a motion to amend the complaint).

The second consideration guiding our decision is that, at the time Mr. Richardson tendered his reply to the defendant's motion to dismiss, he could have amended his claim as of right because the defendant had filed no responsive pleading and Mr. Richardson had never before sought amendment. *See* FED.R.CIV.P. 15(a) (granting leave to amend once as "a matter of course" at any time before a responsive pleading is served); *Harris v. Secretary, United States Dep't of Veterans Affairs,* 126 F.3d 339, 344–45 (D.C.Cir.1997) (recognizing that amendments prior to a responsive pleading shall be freely given under Rule 15(a)). Moreover, courts freely grant *pro se* litigants leave to amend. *See Moore v. Agency for Int'l Dev.,* 994 F.2d 874, 877 (D.C.Cir.1993). Leave to amend a complaint should be freely given in the absence of undue delay, bad faith,

undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

The third factor that informs our decision is that the District Court clearly understood that Mr. Richardson both recognized the need for and attempted to make a change to his original complaint. In response to the motion to dismiss, Mr. Richardson denied basing his claim on "any military order" and instead clearly reframed his claim as one sounding in products liability, arguing that his injuries were caused by the defective or negligent manufacturing of the vaccine. *See* Resp. to Def.'s Mot. to Dismiss at 3–4, *reprinted in* App. 39–40. The District Court recognized this, noting that Mr. Richardson's response to the motion to dismiss "broadly declares that he was vaccinated with defective serum, but he does not allege how the serum was defective other than it was double the recommended dose." Mem. Op. at 4, *reprinted in* App. 61. Furthermore, the District Court itself acknowledged that the jurisdictional defect may simply be a matter of a "pleading error." *Id.* at 5, *reprinted in* App. 62.

Our last consideration is the lack of any evidence of prejudice to the Government if Mr. Richardson were allowed to amend the complaint. *See Moore,* 994 F.2d at 877–78 (noting that a *pro se* litigant should be permitted to amend his complaint to meet pleading requirements prior to dismissal so long as the defendant is not prejudiced). The Government has made no argument here that it would have been prejudiced if the District Court had granted an amendment to Mr. Richardson's complaint.

These factors, taken together, convince this court that Mr. Richardson should be permitted to proceed with his claim. We do not suggest that a District Court must cull through every filing of a *pro se* litigant to preserve a defective complaint. In this case, however, where, in addition to proceeding *pro se,* the plaintiff retained the right to amend his complaint prior to the dismissal, the plaintiff clearly intended to add a new claim in his lawsuit, the District Court apparently understood that the plaintiff both needed to and wanted to do so, and the defendant would not have been prejudiced by such amendment, we hold that the District Court should have considered Mr. Richardson's reply to the defendant's motion to dismiss to be an amendment to his complaint.

**B.  The Adequacy of Mr. Richardson's Amended Complaint**

As noted above, the District Court's opinion can be read as accepting Mr. Richardson's reply to the defendant's motion to dismiss as a *de facto* amendment to his original complaint, but then dismissing the case because it found that Mr. Richardson made no factual allegation to support his claim except that the serum was defective for being double the recommended dose. *See* Mem. Op. at 4, *reprinted in* App. 61. Even on this reading, however, we find that the District Court erred.

■ Mr. Richardson's amended complaint clearly stated a claim sufficient to meet the Federal Rule of Civil Procedure's liberal pleading requirements. Indeed, at oral argument, the Government's counsel was hard-pressed to contend otherwise. To survive a motion to dismiss for lack of subject matter jurisdiction, a plaintiff is not required to plead facts sufficient to prove his allegations; rather, a court should only dismiss a complaint for lack of subject matter jurisdiction if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Caribbean Broadcasting System, Ltd. v. Cable & Wireless PLC,* 148 F.3d 1080, 1086 (D.C.Cir.1998) (citations and internal quotation marks omitted). Here, there is no indication that Mr. Richardson can prove no set of facts entitling him to relief. In fact, the forms appended to the Federal Rules of Civil Procedure clearly indicate that Mr. Richardson's complaint meets lib-

eral pleading requirements. *See* FED. R. CIV. P. app. Form 2(c) (demonstrating requirements for statement of jurisdiction founded upon a particular statute); *id.* Form 9 (demonstrating requirements for a complaint for negligence).

Moreover, as *amicus* points out, the complaint in *Anyanwutaku* was hardly less conclusory than the claim here. *See* Reply Br. of *Amicus Curiae* at 13. In *Anyanwutaku,* the claims found by the court to withstand dismissal alleged that the plaintiff was "arbitrarily and capriciously denied access to the said [prison] programs through invidious discrimination" and that the defendants "invidiously discriminated against the plaintiff based on race or ethnic origin." *Anyanwutaku,* 151 F.3d at 1058 (alteration in original) (internal quotation marks omitted). These claims allege no more facts than does Mr. Richardson's claim that he was injured by his exposure to a defectively produced vaccine. *See* Resp. to Def.'s Mot. to Dismiss at 3–4, *reprinted in* App. 39–40.

We note, furthermore, that the discretionary function exception to the FTCA does not bar Swine Flu Act claims based on the acts or omissions of the vaccine's provider. *See* 42 U.S.C. § 247b(k)(2)(A)(ii) (1976) (revised and deleted 1978) (making the exceptions in 28 U.S.C. § 2680(a) inapplicable to actions based upon a program participant's act or omission). In addition, this circuit has held by implication that claims against the Government that rely on products liability assertions against vaccine providers are permitted by the Swine Flu Act. *See Hunt,* 636 F.2d at 596 n. 44, 599 (stating that the *Feres* doctrine does not bar claims that would render a vaccine manufacturer liable under local law on a theory of strict products liability). Therefore, the District Court's basis for dismissing Mr. Richardson's original complaint based on the United States military's negligence does not apply to his amended claim based upon the vaccine manufacturer's defective production of the vaccine.

We need not consider the propriety of the District Court's denial of Mr. Richardson's post-dismissal motion for leave to amend his complaint. Such a motion is typically only granted where the litigant has first moved to amend or alter the judgment under FED.R.CIV.P. 59(e) or 60(b). Mr. Richardson did not explicitly invoke either of these rules. Because we reverse the District Court's decision on other grounds, it is not necessary to address Rule 59(e) or Rule 60(b).

### III. CONCLUSION

For the reasons stated above, we reverse the District Court's decision dismissing Mr. Richardson's complaint for lack of subject matter jurisdiction and remand for proceedings consistent with this opinion.

*So ordered.*