**ULICO CASUALTY COMPANY and Ulico Indemnity Company, Plaintiffs,**

v.

**E.W. BLANCH CO., INC., and E.W. Blanch Holdings, Inc., Defendants.**

**CIV.A. No. 00–661 TFH/JMF.**

United States District Court, District of Columbia.

March 26, 2001.

B. Michael Rauh, Manatt, Phelps & Phillips, L.L.P., Daniel Aronowitz, Ross, Dixon & Bell, LLP, Washington, DC, for plaintiffs.

---

Linda Beth Popejoy, Dorsey & Whitney, L.L.P., Washington, DC, for defendants.

## REPORT AND RECOMMENDATION

FACCIOLA, United States Magistrate Judge.

Currently pending and ready for resolution are defendants' *Motion to Dismiss, Plaintiffs' Motion for Leave to File First Amended Complaint and to Consolidate with Related Action*, defendants' *Motion for an Oral Hearing on Plaintiffs' Motion for Leave to Amend and to Consolidate* and defendants' *Renewed Motion to Dismiss, Motion to Strike First Amended Complaint, and Memorandum of Points and Authorities in Support Thereof.*

### INTRODUCTION

Plaintiffs, Ulico Casualty Company and Ulico Indemnity Company, are insurance companies. Defendants, E.W. Blanch Co., Inc., and E.W. Blanch Holdings, Inc., are reinsurance intermediaries. According to the complaint, "[f]or several years in the 1990's Blanch served in a fiduciary capacity as Ulico's Reinsurance Intermediary to administer the reinsurance program for Ulico's trustee and fiduciary and professional liability insurance policies." Complaint at 1. Plaintiffs instituted this action against defendants for alleged (1) breach of fiduciary duty, (2) misappropriation of trade secrets, property and trade values under D.C.Code Sections 48–501 to 48–510, (3) conversion, (4) intentional interference with prospective economic advantage, and (5) civil conspiracy. Plaintiffs premised the court's jurisdiction on the parties' diversity of citizenship. 28 U.S.C.A. § 1332(a)(1) (1994). Defendants discovered, however, that there was not complete diversity among the parties and moved to dismiss for lack of jurisdiction over the subject matter.

As soon as the defendants moved to dismiss, plaintiffs filed an amended complaint which no longer premised the court's jurisdiction on the parties' diversity. Instead, the amended complaint asserted a claim under the Lanham Act, 15 U.S.C.A. § 1125 (1998) and was therefore based on the court's federal question jurisdiction. Plaintiffs argued that, since the defendants had not answered, they had the right to amend their complaint without leave of court under Fed.R.Civ.P. 15(a). Defendants answered that the court did not have jurisdiction over the subject matter of the first complaint and could not secure it by the filing of the amended complaint. Defendants therefore insisted that the amended complaint be stricken and the first complaint dismissed, ending the lawsuit.

■ Defendants' position is extraordinary. They ask the court to strike the amended complaint, which sets forth a claim over which the court has jurisdiction, because plaintiffs had first filed a complaint which set forth a claim over which the court lacked jurisdiction. Defendants would have to concede, however, that, if the amended complaint was stricken, all plaintiffs need do is re-file the amended complaint as a new action to put everyone in the same position they would be in if their motion to strike was denied. While the statute of limitations issues might well turn on whether the complaint is amended or filed as a new action, whether or not the court has jurisdiction over the subject matter of the claim asserted in the amended complaint has nothing to do with whether plaintiffs filed it as a new claim or an amended one. In either case, plaintiffs have brought a matter before the court which it has the power and concomitant responsibility to adjudicate. Nothing in the Federal Rules of Civil Procedure can possibly be construed to justify dismissing a sufficient cause of action because plaintiffs at first pressed an insufficient one.

■ It is therefore understandable that the federal courts, confronted with this precise situation, have ruled that a plaintiff may file without leave of court an amended complaint which cures jurisdictional defects so long as the defendant has not filed a responsive pleading. *E.g. Stein v. Annenberg Research Inst.*, 1991 WL 143400 *5 n. 1 (S.D.N.Y. July 19, 1991); *Dogan v. Harbert Constr. Corp.*, 507 F.Supp. 254, 257 (S.D.N.Y. 1980); *Drennon v. Philadelphia Gen. Hosp.*, 428 F.Supp. 809, 810 (E.D.Pa.1977). It is also clear that a motion to dismiss for lack of jurisdiction over the subject matter is not a responsive pleading. *Bowden v. United States*, 176 F.3d 552, 554 (D.C.Cir.1999).

Indeed, in terms of the law in this Circuit, the result in *Richardson v. United States,* 193 F.3d 545 (D.C.Cir.1999), dictates the conclusion that a plaintiff can file an amended complaint which sets forth a claim over which the court has jurisdiction even though his first complaint did not. In *Richardson,* plaintiff's complaint set forth a cause of action unquestionably barred by the discretionary function exception to the Federal Torts Claims Act. Although his amended complaint set forth a claim over which the court had jurisdiction, the district court judge had denied plaintiff leave to file it after dismissing the first complaint. The court of appeals reversed, relying at least in part on plaintiff's unquestionable right to file an amended complaint at any time before his opponent answered. While that was only of several factors leading to reversal, it is also true that the result of the case, authorizing the district court to consider the merits of the amended complaint, despite the insufficiency of the first complaint, would have been impossible if, as defendant contends, the filing of the initial insufficient complaint bars consideration of the amended complaint.

This is not to ignore the substantial authority defendants marshal in support of their position. If a court lacks jurisdiction over the subject matter, it is disabled from taking any action. It is therefore perfectly understandable why a court which lacks jurisdiction over the subject matter cannot grant a motion to amend a complaint, any more than it could enter a judgment. But, the filing of an amended complaint as of right under Fed.R.Civ.P. 15(a) is an action by party which does not require judicial action or approval. Once the amended complaint is filed, the deficiency of the first complaint become academic. As I have explained, I see no reason why the deficiency of the first complaint bars the filing of the second. Indeed, if that were true, a party could never cure a jurisdictional defect rendering the grace granted by Fed.R.Civ.P. 15(a) to file an amended complaint useless.

Plaintiffs have also moved to consolidate this case with another. Much has occurred since they did so and I would deny that motion with leave to renew it so that they can predicate their motion on the present status of each case.

It is therefore, hereby, recommended that defendants' *Motion to Dismiss* [# 3] be denied.

It is further, hereby, recommended that insofar as *Plaintiffs' Motion for Leave to File First Amended Complaint and to Consolidate with Related Action* [# 5/# 6] seeks leave to file an amended complaint, it be denied as unnecessary; since defendants have not answered, plaintiffs do not require leave of court to file an amended complaint. Insofar as the motion seeks to consolidate this action with a related action, namely Civil Action 98–1018, it is hereby recommended that it be denied without prejudice.

It is further, hereby, recommended that defendants' *Motion for an Oral Hearing on Plaintiffs' Motion for Leave to Amend and to Consolidate* [# 11] be denied as moot.

It is finally, hereby, recommended that defendants' *Renewed Motion to Dismiss, Motion to Strike First Amended Complaint, and Memorandum of Points and Authorities in Support Thereof* [# 14] be denied.

Failure to file timely objections to the findings and recommendations set forth in this report may waive any right of appeal from an order of the District Court adopting such findings and recommendations. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).