**Roy Dale RICHARDSON, Appellant,**

v.

**UNITED STATES of America,
et al., Appellees.**

No. 01–5100.

United States Court of Appeals, District of Columbia Circuit.

Oct. 29, 2001.

Before ROGERS and TATEL, Circuit Judges; WILLIAMS, Senior Circuit Judge.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See Fed. R.App. P. 36; D.C.Cir. Rule 36(b). It is

ORDERED AND ADJUDGED that the district court's order filed March 16, 2001, be affirmed. The district court's denial of the motion to dismiss appellant's claim as untimely under the standards governing motions to dismiss for failure to state a claim under Rule 12(b)(6) did not preclude the court from revisiting the timeliness issue under the more demanding standards governing motions for summary judgment under Rule 56. See, e.g., Wilderness Society v. Griles, 824 F.2d 4, 16 (D.C.Cir.1987) ("In sum, while a motion to dismiss may be decided on the pleadings alone, construed liberally in favor of the plaintiff, a motion for summary judgment by definition entails an opportunity for a supplementation of the record, and accordingly a greater showing is demanded of the plaintiff."). Nor did this court's decision in Richardson v. United States, 193 F.3d 545 (D.C.Cir.1999), preclude the district court from revisiting the issue in the summary judgment context. Because the district court properly granted summary judgment for the United States on timeliness grounds, we need not reach appellant's argument that the court erred in denying him additional discovery concerning the merits of his claim.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing

en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.