Felix P. OSUCHUKWU,
et al. Plaintiffs,

v.

GALLAUDET UNIVERSITY,
Defendant.

No. CIV. 02–698(RJL).

United States District Court,
District of Columbia.

Nov. 8, 2002.

Felix P. Osuchukwu, Chester, PA, for Plaintiffs.

Christopher E. Hassell, Bonner, Kiernan, Trebach & Crociata, Washington, DC, for Defendant.

### Memorandum and Order

LEON, District Judge.

### I. Background

Before the Court is the defendant's motion to dismiss, arguing, in part, that the complaint is untimely. The plaintiffs, a former student of Gallaudet and his children, allege that the defendant "deported" the two children, who were U.S. citizens, to Nigeria. The children were living in Gallaudet dormitories at the time of the alleged deportation. The plaintiffs claim that the deportation violated the children's civil rights by "endangering the safety and welfare of the children," depriving the children of liberty, and denying the children "their rights to the pursuit of happiness." Compl. at 2.

On June 12, 2000, the father of the children brought similar claims in this district court, and Judge Robertson dismissed the case on March 21, 2002. In his opinion, Judge Robertson explained that the plaintiff cannot bring an action on behalf of his children who were older than eighteen, the age of majority in the District of Columbia ("D.C."). *See* D.C.Code § 12–302(a)(1) (2000). On April 10, 2002, the father, along with his two children, filed this second complaint.

### II. Discussion

Even if the Court were to liberally construe the pro-se plaintiffs' claims, *see Richardson v. United States*, 193 F.3d 545, 548 (D.C.Cir.1999), as violations of civil rights, the Court finds that the claims should be barred by the applicable statute of limitations. The maximum statute of limitations in the District of Columbia for deprivation

of civil of rights is three years. *See* D.C.Code § 12–301(8) (2000); *Chesapeake & Potomac Telephone Co.,* 802 F.2d 1416, 1428 (D.C.Cir.1986).

█ The alleged deportation occurred in August 1988, at which time the two children were ten and nine years. If a minor is injured, as is alleged here, then the statute of limitations is tolled until the minor reaches the age of eighteen. *See* D.C.Code § 12–302(a)(1); *Cevenini v. Archbishop of Washington,* 707 A.2d 768, 770 (D.C.1998). Even taking such tolling into account, at least three years have accrued since the children turned eighteen. The plaintiffs, however, contend that the statute of limitations should toll while the first action was pending from June 12, 2000, to March 21, 2002. However, both the D.C. Circuit and the D.C. Court of Appeals have held that the statute of limitations is not tolled by a pending action involuntarily dismissed. *See Dupree v. Jefferson,* 666 F.2d 606, 611 (D.C.Cir.1981); *Bond v. Serano,* 566 A.2d 47 (D.C.1989). Thus the instant case is barred by the statute because it was filed on April 10, 2002, more than three years after the youngest child turned eighteen. Accordingly, the case is dismissed with prejudice.

### III. Order

Upon consideration of the defendant's motion to dismiss and the opposition thereto, it is, this 8th of November 2002, hereby

**ORDERED** that the defendant's motion to dismiss [3–1] is GRANTED;

**FURTHER ORDERED** that the case is dismissed with prejudice.

**SO ORDERED.**