**Masoud BAMDAD, Appellant**

v.

**DRUG ENFORCEMENT ADMINISTRATION, and its Agents, et al., Appellees.**

**No. 14–5045.**

United States Court of Appeals, District of Columbia Circuit.

Sept. 22, 2015.

Rehearing En Banc Denied Nov. 3, 2015.

Masoud Bamdad, Marion, IL, pro se.

Before: GARLAND, Chief Judge and HENDERSON and MILLETT, Circuit Judges.

*JUDGMENT*

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the government and the amica curiae appointed by the court to argue in favor of the appellant's position. The Court has afforded the issues presented full consideration and has determined that they do not warrant a published opinion. *See* FED. R.APP. P. 36; D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED and ADJUDGED** that the district court's order and judgment dated January 13, 2014, be affirmed.

Masoud Bamdad is a medical doctor who was convicted in federal court for illegally prescribing oxycodone. During the investigation leading to his arrest, three Drug Enforcement Agency ("DEA") agents posed as patients and made audio and video recordings of their conversations with Bamdad, which the prosecution relied on at trial.

Bamdad filed suit in federal district court in the District of Columbia against the DEA and several of its agents, including the undercover agents who recorded him. Complaint ¶¶ 3–6. He alleges violations of his Fourth Amendment protection against unreasonable searches and his Fifth Amendment right against self-incrimination, as well as violations of the federal wiretapping statute, 18 U.S.C. §§ 2510 *et seq. Id.* ¶¶ 12–16. As relief, he seeks a declaratory judgment, as well as compensatory and punitive damages. *Id.* Relief Requested ¶¶ A–B.

The district court dismissed Bamdad's complaint for failure to state a claim, concluding that a judgment in his favor would "necessarily imply the invalidity of his conviction or sentence," and thus that his claims could only be brought in a habeas

corpus action, under the rule of *Heck v. Humphrey,* 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *Bamdad v. DEA,* No. CV 14–137, 2014 WL 495426, at *1 (D.D.C. Jan. 30, 2014).

We affirm, but on a different basis.

Bamdad is proceeding *in forma pauperis* under 28 U.S.C. § 1915. That statute provides that "the court shall dismiss the case at any time if the court determines that * * * the action or appeal * * * seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B)(iii). We hold that the defendants are entitled to qualified immunity, which shields them from the monetary relief Bamdad seeks. *See, e.g., Walker v. Thompson,* 288 F.3d 1005, 1010 (7th Cir.2002) ("[A]lthough immunity is an affirmative defense, [Section] 1915(e)(2)(B)(iii) directs the district court to dismiss a prisoner's pro se suit 'at any time' if the defendant is immune."); *Marks v. Solcum,* 98 F.3d 494, 495 (9th Cir.1996) ("[Section] 1915(e)(2)(B)(iii) ] * * * requires us to dismiss an appeal sua sponte at any time if the case * * * seeks monetary relief from a defendant immune from such relief.").

The doctrine of qualified immunity entitles officers to immunity from suit for damages unless their conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan,* 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). A right is clearly established at the time of an alleged violation if it would have been "clear to a reasonable officer that his conduct was unlawful in the situation that he confronted." *Saucier v. Katz,* 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). If the right in question was not clearly estab-

lished at the time of the alleged violation, we need not decide whether it was in fact violated, because the officers are entitled to qualified immunity regardless. *See Pearson,* 555 U.S. at 236, 129 S.Ct. 808.

In this case, none of the rights Bamdad alleges the DEA agents violated were clearly established at the time of the alleged violations. To begin with, the wiretapping statute expressly allows officers acting under color of law to secretly record their own conversations. *See* 18 U.S.C. § 2511(2)(c). It is thus unsurprising that Bamdad can point to no case clearly establishing the contrary.

Bamdad's Fifth Amendment claim is similarly unsupported by clearly established law. As the Supreme Court held in *Illinois v. Perkins,* 496 U.S. 292, 110 S.Ct. 2394, 110 L.Ed.2d 243 (1990), an undercover police officer is not required to provide *Miranda* warnings "when the suspect is unaware that he is speaking to a law enforcement officer and gives a voluntary statement." 496 U.S. at 294, 110 S.Ct. 2394. And, despite amica's diligent efforts on Bamdad's behalf, no case clearly establishes that Bamdad's professional ethical obligations as a doctor in any way change that analysis.

On Bamdad's Fourth Amendment claim, the Supreme Court's decision in *United States v. White,* 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971), provides that just as "a police agent who conceals his police connections may write down for official use his conversations with a defendant and testify concerning them, without a warrant authorizing his encounters with the defendant," so too may an officer make a simultaneous audio recording of his conversations with a defendant without needing a warrant. 401 U.S. at 751, 91 S.Ct. 1122. *White* involved audio recording, whereas this case involved audio and video recording. But unfortunately for Bamdad,

there is no clearly established consensus that video recordings are subject to a different constitutional rule. *See, e.g., United States v. Lee*, 359 F.3d 194, 202 (3d Cir.2004) (Alito, J.) ("[W]e * * * see no constitutionally relevant distinction between audio and video surveillance[.]"); *United States v. Davis*, 326 F.3d 361, 363 (2d Cir.2003) ("The rationales for permitting warrantless audio recordings * * * apply with equal force to the video surveillance[.]"); *but cf. Lee*, 359 F.3d at 202 (acknowledging that "video surveillance may involve a greater intrusion on privacy than audio surveillance"). And again, no case clearly establishes that Bamdad's professional ethical obligations make any difference to that analysis.

In a supplemental brief filed with this Court, Bamdad argues that we should construe his complaint to seek nominal damages, and then argues that nominal-damages claims should not be barred by qualified immunity. We disagree. For one thing, Bamdad's complaint explicitly sought "[c]ompensatory [a]nd [p]unitive [d]amages," Complaint, Relief Requested ¶¶ A–B, not nominal damages. There is a difference between liberally construing ambiguities in *pro se* plaintiffs' complaints, *see Richardson v. United States*, 193 F.3d 545, 548 (D.C.Cir.1999), and completely rewriting portions of the complaint.

In any event, Bamdad is incorrect in arguing that qualified immunity does not apply to nominal-damages claims. In *Elkins v. District of Columbia*, 690 F.3d 554 (D.C.Cir.2012), this Court upheld a grant of summary judgment on qualified immunity grounds in a case seeking nominal damages. *Id.* at 561, 569; *see also Hopkins v. Saunders*, 199 F.3d 968, 976–978 (8th Cir.1999) ("Several other circuits have also implicitly recognized the legal nature of nominal damages by finding them to be barred by qualified immunity."). And for good reason. Qualified immunity is an immunity from *suit*, not just remedial absolution. *See, e.g., Saucier*, 533 U.S. at 206, 121 S.Ct. 2151 ("Qualified immunity operates * * * to ensure that before they are *subjected to suit*, officers are on notice their conduct is unlawful.") (emphasis added).

Bamdad's other asserted bases for relief fail as well. First, Bamdad's suit against the DEA itself founders because his cause of action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), applies only to suits against individual federal officers. It does not permit suit against federal agencies. *See FDIC v. Meyer*, 510 U.S. 471, 485, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994).

Second, Bamdad lacks standing to obtain the declaratory relief he seeks because he has demonstrated no probability that he will ever be subject to a similar search again. *See Haase v. Sessions*, 835 F.2d 902, 911 (D.C.Cir.1987) (applying *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983), to cases seeking declaratory as well as injunctive relief).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.[1]

---

1. The court thanks court-appointed amica cu-riae, Julia Fong Sheketoff, for her very able

assistance in briefing and arguing this case.