**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 17-3230 & 17-3357

_____

JANE DOE,
                    Appellant

v.

LAW SCHOOL ADMISSION COUNCIL, INC.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:16-cv-03261)
District Judge: Honorable Nitza I. Quiñones Alejandro
_____

Argued September 12, 2019

Before: HARDIMAN, GREENAWAY, JR., and BIBAS, *Circuit Judges*.

(Filed: November 1, 2019)

Michael L. Foreman
Jennifer Bruce              [ARGUED]
Jorge Rivera
Pennsylvania State University
Dickinson School of Law
329 Innovation Boulevard
Suite 118
State College, PA 16802
        *Counsel for Court-Appointed Amicus on Behalf of Appellant*

Robert A. Burgoyne        [ARGUED]
Perkins Coie
700 13th Street, N.W.
Suite 600
Washington, DC 20005
        *Counsel for Appellee*

————————————

OPINION[*]

————————————

BIBAS, *Circuit Judge*.

When a party sues without a lawyer's help, we must construe her pleadings liberally. Here, the District Court found that Jane Doe's pro se complaint did not allege a ripe controversy, but it read her complaint too narrowly. Read broadly, Doe alleges claims that are ripe and not moot. So we will reverse and remand to let her complaint proceed.

Doe tried again to seek the same relief by moving for a preliminary injunction. But that motion fails in part. Though it is not moot, Doe did not meet her burden of showing that she has a likelihood of succeeding on the merits of one of the motion's claims. So the District Court properly denied her motion on the merits of that claim. But because the District Court did not address the merits of the motion's second claim, we will vacate and remand in part.

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

2

# I. BACKGROUND

On this motion to dismiss a pro se complaint, we take the allegations as true and construe them liberally: Doe is an aspiring lawyer who has dyslexia, a reading disorder, attention-deficit/hyperactivity disorder, and other disabilities. To fulfill her "lifelong dream" of becoming a lawyer, she wants to go to law school. App. 25. But before she can apply to law school, she must take the Law School Admission Test (LSAT). And because of her disabilities, she would like extra time and a reader when she takes the exam.

The Law School Admission Council administers the LSAT and handles requests for testing accommodations. The Council requires test takers who seek accommodations to prove that they are disabled by submitting school records and a current diagnostic report. Doe submitted her first accommodation request to the Council in 2008. But even though she has received testing accommodations throughout her life, she cannot provide either type of required evidence. Doe tried to get copies of her school records from the 1980s, but they have been destroyed over time. And she cannot afford to pay the $5,000 needed to get an updated diagnostic report. Because she did not submit any proof of her disabilities, the Council denied her request.

Doe applied for accommodations again in 2009, 2015, and 2016. Each time, she could not provide proof of her disabilities. So each time, the Council denied her request.

After the Council refused Doe's requested accommodations, she sued in June 2016. Her complaint raises two types of claims under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101–12213: First, she claims that the Council violated the ADA by

refusing to offer her accommodations on the LSAT. She also claims that the Council violated the ADA by enforcing a burdensome documentation policy. To remedy these violations, she asks the Council to reduce the documentation required to prove her disabilities and to give her "free and accommodated testing at the next available testing date." App. 33. The Council moved to dismiss for lack of subject-matter jurisdiction and for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(1), (6).

Before the District Court ruled on the Council's motion, Doe moved for a preliminary injunction. Her motion repeated the same general claims as her complaint: the Council has violated the ADA by refusing to accommodate her disabilities and by enforcing its unreasonable documentation requirement. To remedy these violations, she moved for a preliminary injunction requiring the Council to accommodate her disabilities on the LSAT. Doe explained that she wanted to take the upcoming December 2017 exam so that she would not lose another school year waiting to take the LSAT.

The District Court denied Doe's preliminary-injunction motion. It found that she failed to show that she has a "'better than negligible chance' of prevailing on the merits" of her claim that the Council had wrongfully denied her accommodation requests. App. 7 n.1 (quoting *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017)). Nor could she show that she was more likely than not to suffer irreparable harm absent injunctive relief. The District Court did not acknowledge Doe's challenge to the Council's documentation requirement.

4

The District Court then dismissed Doe's complaint as unripe. It explained that the ADA provides only *prospective* injunctive relief, but Doe sought relief for *past* violations. Because Doe had not alleged that the Council has denied or would deny an accommodation request for an upcoming exam, the District Court found that her alleged injury was "speculative and may never occur." App. 15 (quoting *Presbytery of N.J. of the Orthodox Presbyterian Church v. Florio*, 902 F. Supp. 492, 503 (D.N.J. 1995)). It did not address the Council's motion to dismiss for failure to state a claim.

Doe timely appealed both orders. We appointed Michael Foreman, director of the Civil Rights Appellate Clinic at the Pennsylvania State University Dickinson School of Law, to appear as amicus curiae on Doe's behalf. We thank amicus, as well as his students Jennifer Bruce and Jorge Rivera, for ably assisting Doe and our Court.

The District Court had jurisdiction under 28 U.S.C. § 1331 and we have jurisdiction under § 1291. We review de novo. *NE Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333, 341 (3d Cir. 2001).

## II. DOE'S COMPLAINT IS RIPE AND NOT MOOT

The District Court dismissed Doe's complaint as not yet ripe. And the Council argues that Doe's complaint is moot. Both are mistaken. As to future LSATs, Doe's claims are ripe and not moot. So the District Court had subject-matter jurisdiction, as do we.

### A. Doe's complaint is ripe

The District Court found that Doe's challenges relating to future exams are not yet ripe. It held that Doe's claims were "premature" and "speculative" because she did not allege

5

that the Council had denied an accommodation request for an upcoming exam. App. 15 (quoting *Presbytery of N.J.*, 902 F. Supp. at 503).

The Council agrees. It argues that whether Doe will take a future LSAT, whether she will request accommodations on that LSAT, whether she will submit proof of her disabilities, and how the Council will respond to her request are "all hypothetical and speculative inquiries, uninformed by any allegation in her complaint." Appellee's Br. 20.

But Doe's allegations show that her alleged injury is concrete, not speculative. First, Doe's request for "accommodated testing at the next available testing date" and her statement that it is her "lifelong dream" to become a lawyer show that she plans to take some future LSAT with accommodations. App. 25, 33. And when she does apply for accommodations, we know what will happen because it has already happened several times. Because Doe cannot provide the required documents, the Council will neither grant nor deny her request, as it admits is its practice. When this happens, the parties will reach a stalemate. So her claims are "sufficiently developed" and ripe for judicial review. *Peachlum v. City of York*, 333 F.3d 429, 433–34 (3d Cir. 2003).

### B. Doe's complaint is not moot

The Council argues that Doe's challenges to past LSATs are moot. We agree with the Council on this point. A court cannot go back in time and require accommodations for an exam that has already passed. *See Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (collecting cases). Doe does ask for damages, which (if available) would make her claims about past exams not moot. But damages are not available under Title III of the ADA. *See* 42 U.S.C. §§ 2000a-3(a), 12188(a)(1); *Bowers v. NCAA*, 346 F.3d 402, 433 (3d Cir. 2003).

6

The Council also points to Doe's statement in her complaint that her case "is ONLY concerning the April 17, 2015 [to] present and the upcoming October 2016 accommodation request." App. 21. It argues that because even the last of these dates has passed, her entire complaint is now moot. We disagree.

Despite Doe's statement that her case concerns only 2015 and 2016 exams, her complaint also seeks relief on upcoming exams. In the section titled "Prayer for Relief," Doe asks for "free and accommodated testing at the *next available testing date*." App. 33 (emphasis added). She also asks the Council to reduce the number of documents that applicants must submit to prove that they need an accommodation. We recognize that these prayers for relief are at odds with her statement earlier in the complaint. But because she filed pro se, we must resolve that inconsistency by reading Doe's allegations liberally, in the context of her complaint as a whole.

Doe asks for "free and accommodated testing at the next available testing date" after describing her eleven-year quest for testing accommodations. App. 33. She also explains that it is her "lifelong dream" to become a lawyer. App. 25. Given this context, we read her complaint as seeking accommodations and a reduced documentation requirement for future exams generally, not just for the first testing date after she filed her complaint. And this request certainly is not moot.

Because Doe's request about upcoming exams is not moot, we need not address whether her claim falls under the capable-of-repetition-yet-evading-review exception to the mootness doctrine.

7

Finally, the Council argues that even if we find subject-matter jurisdiction, we should dismiss Doe's complaint for failure to state a claim. We decline to rule on this issue in the first instance. Instead, we leave it for the District Court to address on remand.

### III. THE DISTRICT COURT PROPERLY DENIED DOE'S PRELIMINARY-INJUNCTION MOTION

#### A. Doe's preliminary-injunction motion is not moot

For the same reasons, Doe's preliminary-injunction motion is not moot. Because she filed pro se, we read her preliminary-injunction motion liberally and consider it alongside her complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999) (requiring a district court to read a pro se plaintiff's filings together).

In the introduction to her motion, Doe claims that the Council violated the ADA by not providing her with accommodations on the LSAT and by not engaging in an interactive process when handling her accommodation requests. To remedy these alleged violations, she asks for an injunction requiring the Council to offer her reading and dictation software as well as extra time on the LSAT. Later in the motion, she asks for these accommodations on the December 2017 exam. Read broadly and considered alongside her complaint, her motion again seeks to secure testing accommodations on the next LSAT and to change the Council's document policy. So it is not moot.

**B. Doe has not shown that she is likely to succeed on the merits on one of her claims**

We review the District Court's findings of fact for clear error, its conclusions of law de novo, and its ultimate decision to deny a preliminary injunction for abuse of discretion. *Issa v. Sch. Dist. of Lancaster*, 847 F.3d 121, 130 (3d Cir. 2017).

To get a preliminary injunction, Doe first must show that she has a likelihood of succeeding on the merits of her claim and that she will more likely than not suffer irreparable harm absent preliminary injunctive relief. *Reilly*, 858 F.3d at 179. If she carries her burden of showing these two gateway factors, we next weigh whether the balance of equities favors her and whether an injunction is in the public interest. *Id.* at 178–79. Because Doe seeks mandatory relief, her burden is "particularly heavy." *Ferring Pharm., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205, 219 n.13 (3d Cir. 2014) (quoting *Acierno v. New Castle County*, 40 F.3d 645, 653 (3d Cir. 1994)).

To succeed on the merits, Doe must show that she is disabled under the ADA. 42 U.S.C. § 12189. She has not met that burden. She claims that she was diagnosed with multiple permanent disabilities, "routinely evaluated by an Educational Diagnostician and by [a] Special Education Teacher," had extra time on the Scholastic Aptitude Test (SAT), and got testing accommodations as an undergraduate. App. 63–64.

But Doe has not provided *any* documents to support these allegations. All she offers is her own self-serving affidavit. Although we must construe pro se pleadings liberally, we cannot add facts that Doe does not supply.

Doe did not meet her burden of showing that she has a likelihood of succeeding on the merits of her claim for testing accommodations. Thus, the District Court did not abuse its discretion by denying her request for an injunction on that claim. But the District Court did not address Doe's broader challenge to the Council's documentation policy. We will affirm in part and vacate and remand in part to let the District Court address this claim.

\* \* \* \* \*

Doe's complaint is ripe and not moot, so the District Court erred in dismissing it for lack of subject-matter jurisdiction. We will reverse and remand to let her complaint proceed. Though her preliminary-injunction motion is also not moot, she has not shown that she has a likelihood of succeeding on her claim that the Council is wrongfully denying her testing accommodations. So we will affirm the District Court's denial of that part of her motion. But because the District Court did not address Doe's challenge to the documentation policy, we will vacate and remand in part to let the District Court consider this challenge in the first instance.