300 F.3d 60
 Jesús Manuel CALDERÓN-ORTIZ; Alfredo Calderón; Maria Isabel Ortíz, Plaintiffs, Appellants,
v.
Zoe LABOY-ALVARADO; Johnny Heredia-Caloca; Héctor Fontanéz, Captain; Gladys Rivera; Luis Aponte; Carlos Rodríguez-Delgado; Amaury Pérez; Wilson Morales; Leocadio Hernández; Gretchen Groe, OOCV2100; George Goe, OOCV2100, Lieutenant and Supervisor at the Baymón Regional Metropolitan Detention Center, James Joe, 00CV2100; Richard Rosado; Kirk Koe, OOCV2100; Néstor Noe, 00CV2100; Peter Poe, 00CV2100; Timothy Toe, 00CV2100; Marcos Moe, 00CV2100; Samuel Soe, 00CV2100; Lyle Loe, 00CV2100, Defendants, Appellees.
 No. 01-2469.
 United States Court of Appeals, First Circuit.
 Heard May 10, 2002.
 Decided August 20, 2002.
 
 COPYRIGHT MATERIAL OMITTED José R. Olmo-Rodríguez for appellants.
 Camelia Fernández-Romeu, Assistant Solicitor General, with whom Roberto J. Sánchez-Ramos, Solicitor General, and Vanessa Lugo-Flores, Deputy Solicitor General, were on brief for appellees.
 Before LIPEZ, Circuit Judge, CAMPBELL and BOWNES, Senior Circuit Judges.
 BOWNES, Senior Circuit Judge.
 
 
 1
 Plaintiff-appellants Jesús Manuel Calderón-Ortiz (Calderón) and his parents brought this 42 U.S.C. § 1983 action against various defendant-appellants at the Bayamon Regional Metropolitan Detention Center, for damages arising out of an episode of sodomy[1] Calderón suffered while he was a pre-trial detainee at the facility. The district court granted defendants' motion to dismiss for failure to state a due process claim under the Fifth Amendment. We VACATE AND REMAND.
 
 I. BACKGROUND
 A. Proceedings Below
 
 2
 On August 30, 2000, plaintiffs filed a section 1983 complaint, requesting damages they suffered resulting from the sodomy of Calderón while he was being held as a pre-trial detainee at the facility. The district court, applying the "deliberate intention" standard in Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), granted the defendants' Rule 12(b)(6) motion to dismiss, concluding that plaintiffs failed to state a due process claim under the Fifth Amendment because they "failed to allege that movants deliberately intended to deprive [Calderón] of his life, property, or liberty interests." No discovery was conducted.
 
 
 3
 On appeal, plaintiffs argue that the district court applied the incorrect legal standard and erred in (1) dismissing the case for failure to state a due process claim under the Fifth Amendment and (2) dismissing the case before providing them with the opportunity to amend the complaint.
 
 B. Standard of Review
 
 4
 We review a district court's dismissal of a claim under Rule 12(b)(6) de novo, "accepting as true all well-pleaded factual averments and indulging all reasonable inferences in the plaintiff's favor." SEC v. SG Ltd., 265 F.3d 42, 46 (1st Cir.2001) (citation and internal quotation marks omitted). "If the facts contained in the complaint, viewed in this favorable light, justify recovery under any applicable legal theory, we must set aside the order of dismissal." Id. (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996)). Accordingly, we accept as true the facts alleged by plaintiffs in their complaint, drawing all reasonable inferences in their favor.
 
 C. Facts
 
 5
 The following facts were fairly pleaded in plaintiff's complaint: On or about August 30, 1999, Calderón was incarcerated as a pre-trial detainee at a state prison.[2] This institution did not take measures to separate and house inmates according to their safety needs and the security risks they posed. Calderón's housing unit consisted of a corridor of two-prisoner cells. One housing officer was assigned to Calderón's building on the day of the incident, and he remained at or near the "control," which is a separate enclosed area at the entrance to the housing unit. From this location, the officer could not supervise the inmates inside the cells. The only way he could do so was by patrolling the walkway or corridor. The officer on duty that day did not engage in such a patrol.
 
 
 6
 On the day of the incident, Calderón was lying on his bed inside his cell when four inmates from his housing unit approached him. They threw a blanket over his face, held him by force, and threatened to kill him if he said anything. They proceeded to sodomize him for approximately a half an hour to an hour. No officer intervened during the attack. After the attack, Calderón could not move and remained in his bed until he was taken to the hospital.
 
 II. DISCUSSION
 
 7
 We note at the outset that the district court used the incorrect legal standard in finding plaintiffs had failed to state a due process claim. The district court's opinion was based on the "deliberate intention" standard in Daniels, in which the plaintiff alleged he had slipped on a pillow negligently left on the stairs by a correctional deputy. 474 U.S. at 328, 331. The Court specifically stated that because the case arose out of a negligence claim, it provided "no occasion to consider whether something less than intentional conduct, such as recklessness or `gross negligence'" is sufficient to trigger Due Process Clause protections. Id. at 334 n. 3.
 
 
 8
 Calderón does not allege negligence, but rather, deliberate indifference of prison officials to his safety — something more than negligence but less than intentional conduct. Therefore, the deliberate intention standard articulated in Daniels is not applicable. The correct standard is that of deliberate indifference as explained in Farmer v. Brennan and discussed fully, infra. 511 U.S. 825, 828, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) ("A prison official's `deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment"). The parties do not dispute that the Farmer standard governs.
 
 
 9
 The Eighth Amendment to the Constitution protects convicted inmates from the imposition of "cruel and unusual punishments." An inmate may sue a correctional facility under the Eighth Amendment for failure to afford adequate protection to inmates from attack by other inmates. See Farmer, 511 U.S. at 832-33; Ayala Serrano v. Lebrón González, 909 F.2d 8, 14 (1st Cir.1990). This constitutional protection is available to pretrial detainees through the Due Process Clause of the Fourteenth Amendment and is "at least as great as the Eighth Amendment protections available to a convicted prisoner." City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983).
 
 
 10
 Prison officials must take reasonable measures to guarantee inmates' safety from attacks by other inmates. See Farmer, 511 U.S. at 833; Giroux v. Somerset County, 178 F.3d 28, 32 (1st Cir.1999); Ayala Serrano, 909 F.2d at 14 ("[I]t is well established that prison officials have a constitutional duty to protect prisoners from violence at the hands of other prisoners") (citations and internal quotations omitted). Nevertheless, not every injury a prisoner suffers at the hands of another prisoner is actionable. See Farmer, 511 U.S. at 834. Prison officials violate the constitutional conditions of confinement only where two requirements are met. Id. The plaintiff must first show that the deprivation alleged is "objectively, sufficiently serious." Id. (internal quotation marks omitted). In a failure to protect case, the plaintiff must show that the conditions of incarceration pose a substantial risk of serious harm. Id. The parties do not challenge that this first prong is easily met; a sodomy allegation is, objectively, sufficiently serious. The dispute lies in the second prong of the test — that the defendant have a "sufficiently culpable state of mind." Id. The culpable state of mind required is that of "deliberate indifference" to an inmate's health or safety. Id.
 
 
 11
 While deliberate indifference entails something more than mere negligence, "it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Id. at 835. A prison official may be liable under the Eighth Amendment for acting with deliberate indifference to inmate health or safety only if the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. This deliberate indifference standard is therefore a subjective one. Id. at 837-40.
 
 
 12
 Thus, under the second requirement of Farmer, plaintiffs must show: (1) the defendant knew of (2) a substantial risk (3) of serious harm and (4) disregarded that risk. See id. at 835-40. Plaintiffs argue that they indeed alleged that defendants failed to adequately classify inmates, separate them according to their safety needs, and supervise them; defendants knew that the failure to take such steps would increase the risk of violence among inmates; despite this knowledge, defendants failed to take steps that would decrease the danger; and this resulted in the sodomy of Calderón by other prisoners. We hold that the complaint addressed each of these elements sufficiently enough to survive a motion to dismiss.
 
 
 13
 Defendants argue that under Judge v. City of Lowell, 160 F.3d 67, 72 (1st Cir. 1998), the plaintiffs were required to have alleged illegal motive with specificity. They argue that the liberal pleading requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure does not govern;[3] rather, plaintiffs should have pled deliberate indifference with "specific, non-conclusory facts from which such a motive may reasonably be inferred, not merely by generalized asseveration alone." Id. at 72. They argue that plaintiffs should have alleged facts specific to Calderón that defendants knew, or from which they could have inferred, that Calderón could be subject to sexual assaults by other inmates. We need not decide whether a heightened standard applies here because we find that the complaint survives the motion to dismiss even under a heightened pleading standard; that is, it alleges specific facts from which deliberate indifference could be inferred. See, e.g., Swofford v. Mandrell, 969 F.2d 547, 549-50 (7th Cir.1992) (reversing grant of motion to dismiss a prisoner's section 1983 failure to protect resulting in rape case, holding that under 12(b)(6), prisoner was required to submit only a "short and plain ... statement of the facts," but concluding even if a heightened pleading standard were used, the complaint alleged specific facts sufficient to plead defendant's state of mind). So it is here.
 
 
 14
 The plaintiffs' complaint sufficiently addressed each element. First, it adequately alleged that defendants had the requisite knowledge. Under Fed.R.Civ.P. 9(b), knowledge "may be averred generally." The knowledge required is not knowledge that a specific harm would befall the inmate, Farmer, 511 U.S. at 843, but rather, knowledge of facts from which the official can draw the inference that a substantial risk of serious harm exists, id. at 837. The question of whether a prison official had the required knowledge of a substantial risk is a "question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Giroux, 178 F.3d at 32 (quoting Farmer, 511 U.S. at 842).
 
 
 15
 The complaint alleged that "all defendants were aware that inmates were being housed without adequate regard to their custody and security needs.... All defendants were aware that this practice is unreasonably dangerous." It further alleged, "all defendants were aware that custodial staff do not provide adequate, direct supervision to inmates.... All defendants were aware that this is an unreasonably dangerous practice." Taken as true, these allegations are sufficient to show that defendants were aware of the risk to plaintiff. Defendants argue that nothing in the complaint alleges that they knew or could have inferred that Calderón was at risk of being sexually assaulted. Under Farmer, however, it is irrelevant "whether the prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk." 511 U.S. at 843.
 
 
 16
 Second, as to the substantial risk element, plaintiffs allege that housing inmates without adequate regard to their custody and security needs and/or adequate classification is "unreasonably dangerous." They further allege that the custodial staff's failure to provide adequate, direct supervision to inmates is also "unreasonably dangerous." At least one court has held that, "[a]t a constitutional minimum ... defendants must adopt some system of classifying and housing prisoners to assure that a prisoner's propensity for violence as well as an inmate's emotional and physical health be accounted for so as to minimize the risk of harm from fellow inmates to which the prisoners are now exposed." Dawson v. Kendrick, 527 F.Supp. 1252, 1294 (S.D.W.Va.1981). We hold that, taken as true, the complaint's allegations of unreasonably dangerous conditions satisfy the requirement of substantial risk.
 
 
 17
 Third, the complaint describes the serious harm that was inflicted upon Calderón. As he was in his bed, "four inmates ... threw a blanket over his face[,] .... held him by force and threat [sic] to kill him if he said anything, then sodomized him." After the attack, the complaint alleges, Calderón was unable to move and was taken to the hospital; he suffered physical damage and both he and his parents suffered psychological injuries. The risk of inmate-upon-inmate violence has been held a sufficiently serious harm to implicate inmates' constitutional rights, see, e.g., Farmer, 511 U.S. at 833 ("gratuitously allowing the beating or rape of one prisoner by another serves no `legitimate penological objectiv[e]'.... Being violently assaulted in prison is simply not `part of the penalty that criminal offenders pay for their offenses against society.'" (citations omitted)). We hold that the element of serious harm was sufficiently pled in the complaint.
 
 
 18
 Finally, the complaint alleges in several places that defendants disregarded the risk of substantial harm to Calderón by acting or failing to act despite their knowledge: "Nevertheless, no defendant took any measure to put an end to this practice...."; "Defendants ... failed to ensure that [Calderón] was adequately classified and that he was housed appropriately given his custody and security needs. Such omission resulted in ... Calderón ... being placed in a housing unit with dangerous inmates, without adequate supervision, thus resulting in ... Calderón['s] ... being sexually assaulted"; "Defendants ... followed a practice of not enforcing policies of the AOC [Administration of Correction of Puerto Rico] to ensure that weak, vulnerable inmates are housed separately from stronger, dangerous inmates." The complaint also specifically alleged that "Defendants acted with deliberate indifference and/or reckless disregard to the risks to which they were subjecting ... Calderón."
 
 
 19
 Accepting as true the allegations described above and drawing all reasonable inferences in favor of plaintiffs, we hold that plaintiffs have stated a section 1983 claim. We need not, therefore, address plaintiffs' argument that the district court erred in not allowing them to amend their complaint before dismissing the case.
 
 III. CONCLUSION
 
 20
 The district court's order granting the motion to dismiss is VACATED and the case is REMANDED for proceedings consistent with this opinion. Costs on appeal awarded to plaintiffs.
 
 
 
 Notes:
 
 
 [1]
 The complaint alleges that Calderón was sodomized, but the plaintiffs' brief refers to him as having been raped. While not relevant to the outcome of this case, we note this because sodomy and rape are two different crimes under Puerto Rico law. 33 P.R. Laws Ann. §§ 4061 and 4065 (1998) (defining rape and sodomy, respectively)
 
 
 [2]
 The charges against him were later dismissed
 
 
 [3]
 Rule 8(a)(2) requires only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."