Unum Life v. Schaffer                    CV-02-342-JD  11/22/02

UNITED STATES DISTRICT COURT FOR THE
                         DISTRICT OF NEW HAMPSHIRE


Unum Life Insurance
Company of America

       v.                                Civil No. 02-342-JD
                                         Opinion No. 2002 DNH 207
Stephen J. Schaffer


                              O R D E R


     The plaintiff, Unum Life Insurance Company of America,

brings an action against Stephen J. Schaffer under the Employee

Retirement Income Security Act ("ERISA"), alleging that Schaffer

failed to repay Unum for disability benefits reimbursed by the

Social Security Administration.  Schaffer alleged a counterclaim

under ERISA and five state law counterclaims against Unum.  Unum

moves to dismiss Schaffer's counterclaims.  Although Schaffer's

motion for an extension of time to file a response to the

plaintiff's motion was granted, Schaffer has not filed a response

to date.[1]

_____

     [1]Schaffer is represented by counsel.  In Schaffer's motion
for an extension of time, counsel referred to an amended
counterclaim which also has not been filed.

## Standard of Review

In considering a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court accepts the facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff. Calderon-Ortiz v. Laboy-Alvarado, 300 F.3d 60, 63 (1st Cir. 2002); see also Andrx Pharms., Inc. v. Biovail Corp. Int'l, 256 F.3d 799, 805 (1st Cir. 2002) (applying Rule 12(b)(6) standard in motion to dismiss counterclaims). The court must determine whether the complaint, construed in the proper light, "alleges facts sufficient to make out a cognizable claim." Carroll v. Xerox Corp., 294 F.3d 231, 241 (1st Cir. 2002). All that is required is a short and plain statement of the claim. See Gorski v. N.H. Dep't of Corrections, 290 F.3d 466, 473 (1st Cir. 2002) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)).

## Background

Schaffer was insured in an employee welfare benefit plan under his employer's long term disability policy issued by Unum. Schaffer began receiving benefits under the plan in June of 1997. Schaffer applied for social security benefits, based on his disability. In January of 1999, the Social Security Administration determined that he was eligible for benefits,

2

including retroactive benefits.

The Unum policy included a provision in which the beneficiary promised to repay Unum any overpayment resulting from a Social Security Administration award. In addition, Schaffer signed a payment option form on January 20, 1998, in which he elected to receive disability benefits from Unum while his social security application was pending and agreed to repay Unum any amount he received. Unum claims that Schaffer owes more than $26,000 in overpayments from Unum and has refused Unum's demands for repayment, except for monthly amounts of $100.

Schaffer alleges that he was "non-copus-mentus" when he signed the payment option form due to a medical condition diagnosed by qualified medical personnel. He states that Unum began to harass him in May of 1999 to get him to return to work. He also states that Unum representatives said that Unum would reimburse him for the costs of retraining to return to work. Schaffer alleges that he incurred retraining costs in order to return to work and that he began to work again in January of 2000. Due to his disability, he left work in March of 2000. He was able to return to work permanently in May of 2000. He contends that Unum owes him $17,747.07 to reimburse him for the costs of retraining and related expenses.

Schaffer requested long term disability benefits from Unum

3

for February and March of 2000 under the "Recurrent Disability" provision of the policy. In May of 2000, Unum responded that Schaffer had not provided adequate information to substantiate his claim and asked him to submit information. Schaffer contends that it was the same information that he submitted with his request for benefits. Unum has not paid Schaffer benefits for the period of February and March of 2000.

## Discussion

Unum brings its claim against Schaffer under ERISA, 29 U.S.C. § 1132, seeking restitution and an award of attorneys' fees. Schaffer brings an ERISA counterclaim under § 1132, seeking an award of disability benefits for the period of February and March of 2000. Schaffer also alleges counterclaims of intentional and negligent misrepresentation, breach of contract and of the implied duty of good faith and fair dealing, and violation of the Connecticut Unfair Insurance Practices Act. Unum moves to dismiss Schaffer's counterclaims.

A. ERISA Counterclaim

Unum moves to dismiss Schaffer's ERISA counterclaim on the ground that he did not exhaust the administrative remedies available to him. The First Circuit requires exhaustion of

4

available administrative remedies as a prerequisite for contract-based ERISA claims.  See Drinkwater v. Metro. Life Ins. Co., 846 F.2d 921, 825-26 (1st Cir. 1988); accord Tompkins v. United Healthcare of New England, Inc., 203 F.3d 90, 94 (1st Cir. 2000) (citing Terry v. Bayer Corp., 145 F.3d 28, 35-36 (1st Cir. 1998)).  Therefore, an ERISA claimant is required to exhaust internal administrative remedies before bringing suit unless the available remedies would be futile or inadequate.  Terry, 145 F.3d at 40.

Schaffer alleges that he requested benefits for the February and March of 2000 period, based on recurrent disability, and that he supplied sufficient medical evidence of the disability.  He does not allege that he responded to Unum's notice in May of 2000 that he had not provided enough information to support his claim or that he otherwise pursued his claim through Unum's internal processes.  He does not allege that he ever received a final determination on his claim from Unum.  Based on the allegations in his complaint, it appears that Schaffer failed to exhaust administrative remedies, as required.  Therefore, Schaffer's ERISA counterclaim is dismissed.

B.  State Law Counterclaims

ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a).  The preemption is modified by a savings clause that exempts state laws regulating insurance, banking, or securities.  § 1144(b)(2)(A).  ERISA is construed to preempt "any state law claim that relates to an employee benefit plan, and [the preemption provision] has been applied widely to bar state claims seeking damages for alleged breach of obligations pertaining to an ERISA plan."  Hotz v. Blue Cross & Blue Shield, 292 F.3d 57, 60 (1st Cir. 2002).

Schaffer's counterclaims of misrepresentation, breach of contract and of the good faith obligation, and violation of the Connecticut Unfair Insurance Practices Act seek damages for Unum's alleged breaches of obligations under the employee benefits plan, of which the Unum policy is a part.  Having not responded to Unum's motion, Schaffer makes no argument that any of the counterclaims would fall within the savings clause.  See, e.g., Rush Prudential HMO, Inc. v. Moran, 122 S. Ct. 2151, 2158-59 (2002) (construing savings clause); Hotz, 292 F.3d at 60-61 (same).  The court declines to raise and resolve arguments on Schaffer's behalf that he has not raised himself.  See Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 260 (1st Cir.

6

1999); <u>Williams v. Drake</u>, 146 F.3d 44, 50 (1st Cir. 1998).

Therefore, Schaffer's state law counterclaims are dismissed based on ERISA preemption.

<u>Conclusion</u>

For the foregoing reasons, the plaintiff's motion to dismiss counterclaims (document no. 6) is granted.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

November 22, 2002

cc:   Byrne J. Decker, Esquire
      William J. Phillips, Esquire