[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 02-1428

BERNARDO FIGUEROA,

Plaintiff, Appellant,

v.

JOSEPH A. DINITTO, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ernest C. Torres, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Lipez, Circuit Judges.

Bernardo Figueroa on brief pro se.
Michael B. Grant on brief for appellees.

December 9, 2002

**Per Curiam**.  In this appeal, Rhode Island state inmate Bernardo Figueroa, proceeding pro se, appeals from the district court's dismissal of his 42 U.S.C. § 1983 action against Joseph DiNitto, Associate Director/Chief of Classification at the Rhode Island Department of Corrections ("RIDOC").  We affirm in part, vacate in part, and remand for further proceedings, as described below.

1.  We agree with the district court that summary judgment in DiNitto's favor was warranted relative to Figueroa's retaliation claim, essentially for the reasons stated by the magistrate judge in his report and recommendation dated March 14, 2002, which the district court accepted in an order dated March 29, 2002.

2.  We conclude that Figueroa has waived his right to question the dismissal of his court access claim.  See Sands v. Ridefilm Corp., 212 F.3d 657, 663 (1st Cir. 2000) (indicating that failure to object to a magistrate judge's ruling waives the right to appellate consideration).

3.  We affirm dismissal of the Eighth Amendment claim insofar as it is based on Figueroa's transfer to and confinement at Powhatan Correctional Center in Virginia.  DiNitto has liability only if he knew of the allegedly harmful conditions at that facility.  See Calderon-Ortiz v. Laboy-Alvarado, 300 F.3d 60, 64 (1st Cir. 2002) (in order to

establish a prison official's deliberate indifference, a plaintiff must show: "(1) the defendant knew of (2) a substantial risk (3) of serious harm and (4) disregarded that risk") (citing Farmer v. Brennan, 511 U.S. 825 (1994)). There is no allegation in the complaint from which we can infer such knowledge.

4. We affirm the dismissal of the Eighth Amendment claim to the extent it is based on Figueroa's general living conditions at Wallens Ridge State Prison in Virginia. Figueroa alleged that he had not committed disciplinary infractions while imprisoned in that state, but nonetheless was confined to a cell with another prisoner for 23-24 hours a day, without any opportunity to work or participate in educational, vocational, or rehabilitation programs, and that he had been denied medical, dental, and mental health care. The medical claim, being completely conclusory, was properly dismissed. The remaining conditions of confinement, even viewed in totality, fail to establish the kind of "extreme deprivation" that might violate the Eighth Amendment. See In re Long Term Administrative Segregation of Inmates Designated as Five Percenters, 174 F.3d 464, 471-72 (4th Cir.) (rejecting Eighth Amendment claim where, due to their high-security classification, inmates spent 23 hours a day isolated in their cells without radio or TV; left only for showers and

-3-

recreation, including 5 hours of exercise per week; and had no access to prison work, school, or study programs), cert.denied sub nom. Mickle v. Moore, 528 U.S. 874 (1999); Hudson v. McMillian, 503 U.S. 1, 9 (1992) (holding that only "extreme deprivations" would support an Eighth Amendment claim based on conditions of confinement because "routine discomfort" is part of the penalty inmates pay for their crimes) (citation omitted).

5. We vacate dismissal of the Eighth Amendment claim insofar as it is based on the actions of guards at Wallens Ridge State Prison. For present purposes, we assume that the following facts alleged in the complaint are true:

In March 2000, Figueroa was transferred from the Powhatan Correctional Center to Wallens Ridge, a super-maximum facility also located in Virginia. Upon arrival, correctional officers "repeatedly and unnecessarily restrained . . . and threatened [him] with injury from electroshock weapons, chemical weapons, shot-guns, and police dogs[.]" On June 27, 2000, Figueroa wrote to DiNitto, explaining his "serious problems" in Virginia and asking to be returned to Rhode Island. Further correspondence followed, but the outcome was that DiNitto declined to intervene. Figueroa also alleged that DiNitto was deliberately indifferent to the risk that he had

and will "continue to suffer serious physical injury or death at the hands of Virginia prison guards."[1]

In the district court, DiNitto contended that Virginia, rather than Rhode Island, was responsible for conditions at Wallens Ridge and that Figueroa's only recourse was against Virginia prison authorities. The district court seemingly agreed, although its rationale was tersely expressed.

In our view, this ground of disposition is not adequate. Figueroa's Rhode Island conviction gave this state custody over him until he was legally discharged or had served his sentence, see R.I. Gen. Laws § 11-25-17; id. § 12-19-25, and it is Rhode Island that has arranged for Figueroa to serve a portion of his sentence in Virginia. If Figueroa is being subjected to unconstitutional conditions in Virginia on a continuing basis and Rhode Island knows of these conditions but refuses to relocate Figueroa, Rhode Island officials might (depending upon the circumstances) be held responsible. See Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 562 (1st Cir. 1988); Stewart v. Winter, 669 F.2d 328, 332 (5th Cir. 1982); Benjamin v. Malcolm, 803 F.2d 46, 51 (2d Cir. 1986);

---

[1]The latter statement is located in the section of the complaint laying out his legal claims, not in the section describing the factual basis of the complaint. It is far from clear that this is intended to be a factual allegation rather than a summary of the standard of liability taken from judicial opinions.

Pinto v. Nettleship, 737 F.2d 130, 131, 133 n.1 (1st Cir. 1984).

Accordingly, this claim must be remanded for further consideration. At the same time, we recognize that Figueroa has offered only marginally defensible allegations. Guns, chemical spray and even guard dogs are employed at prisons; and conclusory or unspecific references to "threats," "unreasonable" behavior by guards, and unspecified physical or mental harm may be viewed with some skepticism, especially when buried in a "kitchen sink" complaint. The district court is entitled to make Figueroa specify in detail the underlying factual allegations before proceeding with this claim.

To the extent described above, we vacate the dismissal of the Eighth Amendment claim and remand for further proceedings.

The judgment is affirmed in part, vacated in part, and remanded for proceedings consistent with this opinion.