Goodrich v. Rouleau                    CV-02-314-JD   03/20/03
                UNITED STATES DISTRICT COURT FOR THE
                       DISTRICT OF NEW HAMPSHIRE


David Goodrich

        v.                                 Civil No. 02-314-JD
                                           Opinion No. 2003 DNH 048
Angela Rouleau and
Bruce Cattell


                            O R D E R


     The plaintiff, David Goodrich, proceeding pro se, brings a

civil rights action pursuant to 42 U.S.C. § 1983, against Angela

Rouleau, the librarian at the Northern Correctional Facility, and

Bruce Cattell, Warden.  Goodrich alleges that Rouleau and Cattell

interfered with his access to the prison library, retaliated

against him because of his complaint filed in this court, and

interfered with his legal mail.  The defendants move to dismiss,

or in the alternative for summary judgment, asserting that

Goodrich has not exhausted administrative remedies as required by

42 U.S.C. § 1997e(a), is not entitled to compensatory damages for

emotional or mental injury, and cannot maintain his claim for

injunctive relief because he has been paroled.

     In considering a motion to dismiss, pursuant to Federal Rule

of Civil Procedure 12(b)(6), the court accepts the facts alleged

in the complaint as true and draws all reasonable inferences in

favor of the plaintiff.  Calderon-Ortiz v. Laboy-Alvarado, 300

F.3d 60, 63 (1st Cir. 2002). "Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001). An exception exists "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

Goodrich appended some of the grievance slips to his original complaint and does not contest the authenticity of the others submitted by the defendants. The complaint has been amended twice, and the current version of the complaint was filed on October 7, 2002.[1] The grievance procedure, PPD 1.16, submitted by the defendants does not apply to the time in question and is, therefore, irrelevant. There is no dispute as to the authenticity of the memo from "Ms. Rouleau" to "All Inmates and Staff," which is dated March 29, 2002. Therefore, the memo and grievance forms are considered without converting the motion to one for summary judgment.

---

[1]The defendants cite to the wrong complaint.

## Discussion

Goodrich's claims arise from his efforts to be allowed extended time in the prison law library beginning in April of 2002. Goodrich alleges that he was given permission by the inmate attorney, Walter Pazden, to use the law library for an additional four hours, for a total of eight hours each week. He states that after a few weeks, Rouleau denied him access for the additional four hours. He states that because of the limited time allowed, he had to file motions to extend court deadlines, and he was not able to adequately prepare his materials.

He also states that he filed grievances and complaints about the problems with access to the library. He alleges that Rouleau retaliated against him for filing his complaints by making false reports and allegations against him to incur disciplinary action against him. He also alleges that the prison did not mail a large manila envelope of his legal materials to the court. For relief, Goodrich seeks an order to prevent Rouleau and Catrell from interfering with his access to the library, an order that he is indigent to excuse him from court costs, compensatory damages for unspecified injuries due to the "willful deprivations, willful intent and indifferences" caused by the defendants, and punitive damages.

A.  Exhaustion

As part of the Prison Litigation Reform Act ("PLRA"), Congress imposed an exhaustion requirement in § 1983 actions brought by prisoners:  "'No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.'"  Porter v. Nussle, 534 U.S. 516, 524 (2002) (quoting 42 U.S.C. § 1997e(a)).  Exhaustion is an affirmative defense, and the defendants bear the burden of proving a failure to exhaust.  Casanova v. Dubois, 304 F.3d 75, 78 n.3 (1st Cir. 2002).

Taking the record and allegations as true and in the light most favorable to Goodrich, he has sufficiently exhausted the prison's administrative remedies with respect to his access to the library claim.  The defendants state without contradiction in the record or the pleadings that Goodrich never filed any grievance or complaint with respect to his claims of retaliation and interference with his mail.  Therefore, those claims are not exhausted and are barred by § 1997e(a).

B. <u>Limitation on Damages</u>

"No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Although § 1997e(e) bars an award of damages for mental or emotional injury in the absence of a physical injury, it does not bar other forms of relief. <u>See, e.g.</u>, <u>Calhoun v. Detella</u>, 319 F.3d 936, 939-40 (7th Cir. 2003).

Since Goodrich has not alleged a physical injury, he is barred from claiming or recovering damages for mental or emotional injury.


C. <u>Injunctive Relief</u>

The defendants contend that because Goodrich was paroled in mid-December, his request for injunctive relief is moot. The court agrees. <u>See, e.g.</u>, <u>McAlpine v. Thompson</u>, 187 F.3d 1213, 1214-16 (10th Cir. 1999); <u>Johnson v. Moore</u>, 948 F.2d 517, 519 (9th Cir. 1991); <u>Shaheed-Muhammad v. Dipaolo</u>, 138 F. Supp. 2d 99, 106 (D. Mass. 2001). Therefore, Goodrich's claims for injunctive relief are dismissed as moot.

5

## Conclusion

For the foregoing reasons, the defendants' motion to dismiss (document no. 40) is granted as to Goodrich's claims of retaliation and interference with mail, any claim for damages based on mental or emotional injury, and for injunctive relief. The motion is denied as to Goodrich's claim that the defendants interfered with his right to access the courts by failing to give him extended time in the law library and for relief related to that claim other than damages for mental or emotional injury or injunctive relief.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

March 20, 2003

cc:  David Goodrich, pro se
     Mary E. Schwarzer, Esquire

6