**Wanda VARGAS–CABÁN,
et al, Plaintiff(s),**

v.

**CARIBBEAN TRANSPORTATION
SERVICES, et al,
Defendant(s).**

No. CIV. 02–1902(JAG).

United States District Court,
D. Puerto Rico.

Aug. 14, 2003.

Rafael A. Oliveras–Lopez, Edif Assoc de Maestros, San Juan, PR, for plaintiff.

Luis E. Palou–Balsa, McConnell Valdes, San Juan, PR, for defendant.

### Opinion and Order

GARCIA–GREGORY, District Judge.

On June 12, 2002, Wanda Vargas Cabán, her husband Arcides Hernandez Medina, their conjugal partnership, and their children Arcides Hernandez Vargas and Ryan Hernandez Vargas (Cabán), brought a sexual harassment and discrimination action, under Title VII of the Civil Rights Act of 1964 (42 USCA § 1820), against Caribbean Transportation Services and Federal Express ("Caribbean" and "FedEx" respectively). Pending before the court at this time is Caribbean's motion to dismiss the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. After a careful study of governing law and existing case law, this Court concludes that the plaintiff has presented enough information to state a claim upon which relief may be granted; therefore, the motion to dismiss is **DENIED.**

### Factual Background

Cabán alleges that sometime in June of 1999, while she was an employee of Caribbean, Mr. Rick Faieta ("Faieta"), the President and CEO of Caribbean, caressed her forehead in a sexual manner and made a gross and sexually improper remark (Docket No. 1). Cabán further claims that beginning on July of 1999, Mary Ellen Nicoletti (Nicoletti), Vice President of operations at Caribbean, became jealous because of the Faieta incident and began to take retaliatory action against Cabán. Nicoletti allegedly belittled, denigrated, overworked, and constantly harassed Cabán with vicious remarks up until November 2000, when Cabán became so mentally and physically affected by her work environment that she could no longer work at Caribbean. Cabán also alleges that, starting around August 2000, other co-workers and managers contributed to the sexual harassment by making sexual jokes and comments aimed at expediting Cabán's departure (Docket No. 14).

### Standard of Review

When ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the court must accept as true all well-pleaded factual averments and indulge all reasonable inferences in the plaintiff's favor. *Calderon–Ortiz v. Laboy–Alvarado,* 300 F.3d 60, 63 (1st Cir. 2002) (citing *SEC v. SG Ltd.,* 265 F.3d 42, 46 (1st Cir.2001) (citation and internal quotation marks omitted)). "If the facts contained in the complaint, viewed in this favorable light, justify recovery under any applicable legal theory, we must set aside the order of dismissal." *Id.* (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996)).

### Discussion

Caribbean has moved to dismiss the case with prejudice based on three arguments: 1) that Cabán's allegations do not present a sexual harassment case; 2) that Cabán's allegations of sexual harassment are not severe and pervasive enough, and 3) that Cabán's only possible claim of sexual harassment would be against Faieta, but is time-barred.

## I. Sexual Harassment Under Title VII

Whether or not Cabán's well pleaded complaint contains sufficient information to infer a same-sex sexual harassment claim under Title VII is a case of first impression for this Court. Other circuits have ruled on similar cases, however, and provide a blueprint for reaching a determination in this action.

It is well established that in order to sustain a same-sex sexual harassment action under Title VII, there must be a determination that the harasser's conduct constitutes sex discrimination. In *Oncale v. Sundowner Services*, the Supreme Court held that in order to determine what is considered discrimination based on sex under Title VII the key inquiry is, "whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." 523 U.S. 75, 80, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998) (citing *Harris v. Forklift Systems*, 510 U.S. 17, 25, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)); *see also, Griswold v. Fresenius USA, Inc.*, 978 F.Supp. 718, 728 (N.D.Ohio 1997). To establish this, there must be evidence that members of one sex were the primary targets of the harassment. *Id.*

According to Cabán's complaint, Nicoletti belittled, denigrated, and overworked Cabán because Nicoletti was jealous of the alleged sexual incident that occurred between Cabán and Faieta. To establish her claim, Cabán must show that Nicoletti's alleged harassment was indeed motivated by jealousy of the Faieta–Cabán incident. Cabán must also demonstrate that female employees were the prime target of Nicoletti's jealousy and harassment

because males were not the preferred gender of attraction to Faieta, thus making women employees the only ones subject to the disadvantageous treatment.

Once sexual discrimination is established, the Court must then determine if the alleged conduct meets the standard for either a *Quid Pro Quo* or Hostile Environment type of sexual harassment[1]. *LaDay v. Catalyst Technology*, 302 F.3d 474, 478 (5th Cir.2002). Cabán's allegations clearly do not meet the Quid Pro Quo standard. Therefore, this Court will examine the complaint in light of the hostile environment standard.

At this stage, there is insufficient information to determine whether or not Nicoletti's conduct constitutes sex discrimination under the hostile work environment standard. The court in *Lee v. Gecewicz*, 1999 WL 320918 (E.D.Pa.1999), was presented with a similar fact pattern, where a female plaintiff alleged a hostile work environment due to the actions of her female supervisor prompted by jealousy over a male co-worker. In *Lee* the court held that the plaintiff's allegations of a severe and pervasive hostile work environment, as set forth in her pleadings, were sufficient to ward off dismissal and that such issues would be "more appropriately resolved upon consideration of a complete summary judgment record." *Id.* Similarly, Cabán's complaint alleges a severe and pervasive work environment and her complaint fulfills the minimum requirements for a well-pleaded complaint. Since the court has a duty to accept as true all well-pleaded factual averments and make reasonable inferences in the plaintiff's favor, the Court

---

1. *Quid Pro Quo* harassment subjects the plaintiff to a threat that has been carried out. Hostile Environment harassment subjects the plaintiff to severe or pervasive offensive conduct that constructively alter the terms and conditions of her employment. *Lee v. Gecewicz*, 1999 WL 320918 (E.D.Pa.1999) (citing *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998)).

may not dismiss this case without further discovery.

## II. Severe or Pervasive

 Caribbean claims that Cabán's case does not present conditions "severe and pervasive" enough as to alter the conditions of employment and create an abusive work environment (Docket No. 8). It should be noted that the standard for a Title VII violation (sexual harassment) is if "the harassment is severe **or** pervasive as to alter the conditions of the victim's employment ..." *Faragher v. Boca Raton,* 524 U.S. 775, 786, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) *(citing Meritor v. Vinson,* 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986)) (Emphasis added).

Furthermore, the severity or pervasiveness of the conduct must be both subjectively and objectively offensive, based on the totality of the surrounding circumstances. *Faragher,* 524 U.S. at 787, 118 S.Ct. 2275 *(citing Harris v. Forklift Systems,* 510 U.S. 17, 21–23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)). Cabán's complaint points to the existence of a hostile work environment. The pleadings submitted by Cabán are subjective in nature, and more information is needed to enable an objective determination as to the severity of the alleged acts. Hence, Caribbean's second argument is not persuasive enough to warrant dismissal.

## III. Time–Barred Claim

 Caribbean's final argument states that Cabán's case should be dismissed because her only claim, against Faieta, is time-barred. As previously discussed, Cabán's pleadings allege that the hostile work environment was created by the same-sex sexual harassment conducted by Nicoletti. Because Cabán's cause of action focuses on Nicoletti's conduct from July 1999 to November 2000, rather than on the June 1999 incident with Faieta, this court finds that plaintiff's allegations against defendants are not time-barred.

### *Conclusion*

Based on the foregoing analysis, this Court concludes that the plaintiff's pleadings present a valid claim under Title VII (42 USCA § 1820). Further discovery is needed before any dispositive motion may be granted. Accordingly, the defendant's motion to dismiss is **DENIED.**

IT IS SO ORDERED.