2. Individual Capacity Claims
a. Constitutional Claims (Count I)
Plaintiff claims that Defendant Cruz violated his constitutional rights to be free from cruel and unusual punishment by revealing his activity as an informant to the Boston Globe, failing to prevent Defendant Bradley from revealing the same information, and failing to subsequently ensure his safety.
State officials have a duty under the Eighth Amendment "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan , 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quotation marks and citations omitted). Accordingly, state "officials must take reasonable measures to guarantee inmates' safety from attacks by other inmates." Calderon-Ortiz v. LaBoy-Alvarado , 300 F.3d 60, 64 (1st Cir. 2002). "This constitutional protection is available to pretrial detainees through the Due Process Clause of the Fourteenth Amendment and is 'at least as great as the Eighth Amendment protections available to a convicted prisoner.' " Id. (quoting City of Revere v. Mass. Gen. Hosp. , 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983) ).
However, "not every injury a prisoner suffers at the hands of another prisoner is actionable." Id. (citations omitted). To succeed on a deliberate indifference claim, "[t]he plaintiff must first show that the deprivation alleged is objectively, sufficiently serious. In a failure to protect case, the plaintiff must show that the conditions of incarceration pose a substantial risk of serious harm." Id. (quotation marks and citation omitted). In addition, the Plaintiff must also show that the defendant has "a sufficiently culpable state of mind. The culpable state of mind required is that of deliberate indifference to an inmate's health or safety." Id. (quotation marks and citation omitted).
Insofar as the claim is based on Defendant Cruz's failure to prevent Defendant Bradley from informing the Boston Globe of Plaintiff's activities as an informant, that claim must be dismissed. As noted above, the Court will take judicial notice of the fact that almost three years before the Boston Globe article was published, Defendant Bradley was fired from his position at the Plymouth District Attorney's Office. Accordingly, even if Defendant Bradley did reveal Plaintiff's status, Defendant Cruz could not have been expected to prevent it.
Regarding the claim that Defendant Cruz revealed Plaintiff's activities, Defendant Cruz contends that Plaintiff has not alleged any facts to suggest that Defendant Cruz was aware of his incarceration when the Boston Globe article was published or of any risk the article posed. As noted above, because Plaintiff is pro se, the Court will construe his pleadings more *199 favorably than we would those drafted by an attorney. See Erickson , 551 U.S. at 94, 127 S.Ct. 2197. In addition, "[b]ecause deliberate indifference is a context-dependent inquiry, the Court will err on the side of caution, and permit the ... claim to go forward at least to the summary-judgement stage." Pimentel v. City of Methuen , 323 F. Supp. 3d 255, 268 (D. Mass. 2018).
b. State Law Claims
i. Negligence and "Reckless Misconduct" (Counts VII, VIII, & IX)
"While the MTCA authorizes certain negligence actions against public employers, it 'simultaneously shields public employees from personal liability for negligent conduct.' " Canales v. Gatzunis , 979 F. Supp. 2d 164, 174 (D. Mass. 2013) (quoting Caisse v. DuBois , 346 F.3d 213, 218 (1st Cir. 2003) ). However, public employees are only shielded from liability insofar as their negligence or wrongful act occurs while they were "acting within the scope of [their] office or employment." Mass. Gen. Laws ch. 258, § 2.
"Massachusetts courts look to the common law to define the scope of employment for purposes of the Tort Claims Act, asking 'whether the act was in furtherance of the employer's work." Doe v. Fournier , 851 F. Supp. 2d 207, 224 (D. Mass. 2012) (quoting Clickner v. City of Lowell , 422 Mass. 539, 542, 663 N.E.2d 852 (1996) ). The Court must therefore consider "whether the conduct was the kind that the employee was hired to perform, whether it occurred within the time and space authorized by the employment, and whether it was at least partly motivated by a desire to serve the employer." Id. (citing Clickner , 422 Mass. at 542, 663 N.E.2d 852 ).
Defendant Cruz argues that Plaintiff "does not allege that any of [Defendant] Cruz's acts or omissions were outside the scope of his office. Thus, [Plaintiff] has not stated any claim for negligence or 'reckless' conduct against [Defendant] Cruz, in his individual capacity." (Docket No. 53, at 7). Whether Defendant Cruz was acting within the scope of his employment, however, is not an element of Plaintiff's claims that must be plausibly pled. Rather, Defendant Cruz bears the "burden of proof on the issue of the entitlement to immunity as a public employee." Lopes v. Riendeau , 177 F. Supp. 3d 634, 664 (D. Mass. 2016) (quoting Tomaccio v. Hardy , 2007 WL 1630961, at *3 (Mass. Super. May 25, 2007) ). I find that it is not clear from the face of Plaintiff's complaint whether Defendant Cruz was acting within the scope of his employment when he revealed Plaintiff's identity to the Boston Globe. Cf. Jaundoo v. Clarke , 690 F. Supp. 2d 20, 29 (D. Mass. 2010) (finding statement in complaint "that at all relevant times, Berry 'was acting within the scope of her employment as an employee of [a public employer]' " sufficient to find defendant immune from suit at pleadings stage (emphasis added)). Accordingly, the Court will not decide at this stage in the proceedings whether Defendant Cruz was acting within the scope of his employment and is therefore is entitled to immunity from suit in his individual capacity.
Defendant Cruz next argues that Plaintiff has failed to plausibly state a negligence claim because the attacks by other inmates broke the chain of causation necessary for liability. (Docket No. 53, at 9-10). "The intervening criminal act of a third party is a superseding cause which breaks the chain of proximate causation only where the where the reasonable could not have foreseen such act ." Copithorne v. Framingham Union Hosp. , 401 Mass. 860, 862, 520 N.E.2d 139 (1988) (emphasis added).
*200 If Defendant Cruz informed the Boston Globe that Plaintiff was an informant for law enforcement, I find that it would have been foreseeable that he might be consequently harmed. Indeed, rather than being an unforeseeable break in the causal chain, Defendant Cruz's disclosure would have directly caused the subsequent harm.
ii. Negligent and Intentional Infliction of Emotional Distress (Count XXVII)
1. Negligent Infliction
To prevail on a claim for negligent infliction of emotional distress under Massachusetts law, a plaintiff must show: "(1) negligence; (2) emotional distress; (3) causation; (4) physical harm manifested by objective symptomology; and (5) that a reasonable person would have suffered emotional distress under the circumstances of the case." Payton v. Abbott Labs , 386 Mass. 540, 557, 437 N.E.2d 171 (1982).
Defendant points to Schofield v. Clarke , where a different session of this Court dismissed a claim for negligent infliction of emotional distress where "[a]lthough [the plaintiff] has alleged emotional distress (and separately alleged unrelated physical harm caused by another inmate's assault), he fails to allege any physical harm manifested by 'objective symptomology' of the emotional distress." 769 F. Supp. 2d 42, 50 (D. Mass. 2011).
Here, however, Plaintiff alleges that he suffers from "lack of concentration, migraines, insomnia, and anxiety." (Docket No. 1 ¶ 39). Thus, Plaintiff has alleged physical harm as a result of his emotional distress.[2] As this is Defendant Cruz's only argument why the claim for negligent infliction of emotional distress should be dismissed, Count XXVII survives this motion insofar as it is based on negligent infliction of emotional distress.
2. Intentional Infliction
To prevail on a claim for intentional infliction, a plaintiff must show:
(1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous, was beyond all possible bounds of decency and was utterly intolerable in a civilized community; (3) that the actions of the defendant were the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe and of a nature that no reasonable man could be expected to endure it.
Agis v. Howard Johnson Co. , 371 Mass. 140-144-45, 355 N.E.2d 315 (1976) (quotation marks and citations omitted). Defendant Cruz argues that "plaintiff alleges nothing to suggest that [Defendant] Cruz intended to inflict emotional distress on the plaintiff or knew that the plaintiff would suffer emotional distress." (Docket No. 53, at 10).
Of course, a plaintiff "need not plead facts sufficient to establish a prima facie case at the pleading stage." Carrero-Ojeda v. Autoridad de Energia Electrica , 755 F.3d 711, 719 (1st Cir. 2014). Accordingly, "no single allegation need establish some necessary element of the cause of action, provided that, in sum, the allegations of the complaint make the claim as a *201 whole at least plausible." Garayalde-Rijos v. Municipality of Carolina , 747 F.3d 15, 24 (1st Cir. 2014). Here, I find it is plausible from the facts alleged that Defendant Cruz should have known that revealing Plaintiff's identity as an informant would cause severe distress. Accordingly, insofar as Count XXVII is based on intentional infliction of emotional distress, it also survives.
3. Vicarious Assault and Battery (Count XXII)
Plaintiff alleges that Defendant Cruz failed to provide for his safety and is therefore vicariously liable for the subsequent assault and battery by fellow inmates. Under Massachusetts law, "the guiding principle used in deciding cases involving an assertion of vicarious liability" is "the right to control the physical conduct of the other." Hohenleitner v. Quorum Health Resources, Inc. , 435 Mass. 424, 436, 758 N.E.2d 616 (2001). Here, the doctrine is inapposite as Defendant Cruz had no right to control the physical conduct of Plaintiff's fellow inmates.
Conclusion
For the reasons stated above, Defendant Cruz's motion (Docket No. 52) is granted in part and denied in part. Accordingly,
(1) Insofar as Plaintiff's claims are against Defendant Cruz in his official capacity, they are dismissed.
(2) Plaintiff has failed to plausibly demonstrate entitlement to equitable relief.
(3) Count XXII is dismissed.
(4) Count I is dismissed insofar as it is based on Defendant Cruz's failure to prevent Defendant Bradley from informing the Boston Globe that Plaintiff acted as an informant.
(5) Counts I (subject to (4)), VII, VIII, IX, and XXVII survive this motion.
SO ORDERED

Plaintiff's claim appears to be under state law but whether construed under state or federal law, it will survive. Federal law similarly prohibits a prisoner from bringing a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Because Plaintiff has plausibly alleged objective symptomology, his claim would also satisfy the federal threshold.