**Mitchell WALL, Plaintiff**

v.

**Mark DION, et al., Defendants**

**No.  Civ.  02–189–P–C.**

United States District Court, D. Maine.

April 4, 2003.

Mitchell Wall, Whitedeer, PA, Plaintiff, pro se.

Michael J. Schmidt, Wheeler & Arey, P.A., Waterville, ME, for Sheriff, Cumberland County, Defendant.

James E. Fortin, Douglas, Denham, Buccina & Ernst, Portland, ME, for Primecare Medical Care Inc, Defendant.

Christopher C. Taintor, Norman, Hanson & Detroy, Portland, ME, for Correctional Medical Services Inc, Defendant.

## ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

GENE CARTER, Senior District Judge.

The United States Magistrate Judge having filed with the Court on February 26, 2003, with copies to the *pro se* Plaintiff and to counsel, her Recommended Decision on Motions to Dismiss in the above-entitled matter; and the time for filing objections thereto having expired without any objections having been filed; *see* 28 U.S.C. § 636(b)(1); and this Court having reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; and having made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and this Court concurring with the recommendations of the United States Magistrate Judge for the reasons set forth in her Recommended Decision, and having determined that no further proceeding is necessary; it is **ORDERED** as follows:

(1) The Recommended Decision of the Magistrate Judge is hereby **AFFIRMED**.

(2) The motions by PrimeCare Medical, Inc. and Correctional Medical Services, Inc. are hereby **DENIED**.

## RECOMMENDED DECISION ON MOTIONS TO DISMISS

KRAVCHUK, United States Magistrate Judge.

Mitchell Wall has filed a 42 U.S.C. § 1983 complaint, naming four defendants and alleging that they are responsible for violating his constitutional rights when he was denied proper medical treatment as an inmate at the Cumberland County Jail. (Docket No.1.)[1] Two defendants, PrimeCare Medical, Inc. and Correctional Medical Services, Inc., have filed motions to dismiss. (Dockets Nos. 6 & 8.) Both argue that Wall has not stated a claim against them because he has not alleged that his rights were violated as a consequence of their "policy or custom," and that these are allegations he must plead and prove in order to hold them liable under a theory of

---

1. Wall lodged the complaint in state court but the defendants removed the action to this court.

municipal liability. For the reasons that follow I recommend that the Court **DENY** the motions to dismiss.

### Discussion

Federal Rule of Civil Procedure 12(b)(6), the procedural vehicle for the defendants' motions, provides that a complaint can be dismissed for "failure to state a claim upon which relief can be granted." In addressing the motions to dismiss I must take as true the well-pleaded facts as they appear in the complaint, and give Wall the benefit of every reasonable inference in his favor. *Medina–Claudio v. Rodriguez–Mateo,* 292 F.3d 31, 34 (1st Cir.2002). A complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *Accord Medina–Claudio,* 292 F.3d at 34. And Federal Rule of Civil Procedure 8(a)(2) requires no more from a complaint than a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *see also Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 513, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").

■ In reviewing this complaint to determine whether it sufficiently states a claim to survive these defendants' motions to dismiss I take all of Wall's allegations as true. *Buckley v. Fitzsimmons,* 509 U.S. 259, 261, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). Because Wall is *pro se* I subject his submissions to the "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Additionally, in view of Wall's *pro se* status, I examine his other pleadings, including his response to the motions to dismiss, to understand the nature and basis of his claims against these defendants. *Gray v. Poole,* 275 F.3d 1113, 1115 (D.C.Cir.2002) (citing the holding of *Richardson v. United States,* 193 F.3d 545, 548 (D.C.Cir.1999) that District Court abused its discretion when it failed to consider the *pro se* plaintiff's complaint in light of his reply to the motion to dismiss).

### Wall's Complaint and Response to the Motion to Dismiss

In his complaint Wall names Cumberland County Sheriff Mark Dion, Prime-Care Medical, Inc. (PCM), Correctional Medical Services, Inc. (CMS), and an "unknown dentist" as defendants. Stating that he brings the action under amendments Eight and Fourteen of the United States Constitution, Wall faults the defendants for refusing to provide proper medical care when Wall fell seriously ill from an infected tooth, an illness that developed into gangrene. He alleges that the dentist, whose name he does not know, saw Wall twice but refused to treat Wall because Wall was infected with Hepatitis C. The excuse the dentist articulated was that he did not have the proper protection. Wall suffered with the pain for months as a consequence of this denial of treatment. Once Wall was transferred to the Maine State Prison he was placed on antibiotics to treat the infection, but the infection was so severe it did not respond to this treatment. The prison dentist had to file down several teeth because Wall's jaw had become misaligned due to the untreated infection.

Wall asserts that he was discriminated against because of his Hepatitis C and that the dentist deliberately caused the delay in treatment in anticipation of a transfer of Wall to the Maine State Prison. Wall contends that if the dentist did not feel that he had the proper protection he

should have referred Wall to another dentist.

Walls avers that these two defendants—CMS and PCM—failed in their duty to properly oversee the quality of medical care provided to Wall. He also alleges that he filed "months of continual complaints" and that, therefore, these defendants knew of Wall's medical problem and still did not act. He attributes a discriminatory intent to these two entities because they understood that the refusal to treat him was because he suffered from Hepatitis C.[2]

With respect to the relief sought, Wall asks for monetary damages from CMS and PCM of $250,000 to compensate him for his pain and injury and $500,000 in punitive damages. He also seeks a remedy from the treating dentist, whose name he does not yet know. Finally he asks for compensation from Dion for failing to protect and injunctive relief against the Cumberland County Sheriff's Office barring them from treating others in this manner.

In his response to the motions by CMS and PCS, Wall asserts that all defendants acted with deliberate indifference and that they did so pursuant to policies and customs. He points out that the grievance system, utilized by Wall, gives—and in this instance gave—the policy making officials actual notice of the allegedly unconstitutional action of the dentist. He asserts that all administrators were made aware of his need for medical care and the fact that he was not receiving proper treatment.

Wall also argues that the failure to screen and train municipal employees can lead to liability of supervisors.[3]

### The Theory of Liability

■ Though, it does not appear to me that the First Circuit has addressed this question head on, Courts of Appeal in other circuits have expressly concluded that when a private entity contracts with a county to provide jail inmates with medical services that entity is performing a function that is traditionally reserved to the state; because they provide services that are municipal in nature the entity is functionally equivalent to a municipality for purposes of 42 U.S.C. § 1983 suits. *See Austin v. Paramount Parks, Inc.,* 195 F.3d 715, 727 (4th Cir.1999); *Buckner v. Toro,* 116 F.3d 450, 452 (11th Cir.1997); *Street v. Corr. Corp. Am.,* 102 F.3d 810, 814 (6th Cir.1996); *Rojas v. Alexander's Dept. Store, Inc.,* 924 F.2d 406, 408–09 (2d Cir.1990). Other Circuits have reached this conclusion more by implication than by explication. *See Lux by Lux v. Hansen,* 886 F.2d 1064, 1067 (8th Cir.1989); *Iskander v. Vill. of Forest Park,* 690 F.2d 126, 128 (7th Cir.1982).

Following the majority view that equates private contractors with municipalities when providing services traditionally charged to the state, Wall's claims against these movants will only be successful if they were responsible for an unconstitutional municipal custom or policy. *Monell v. Dept. Soc. Servs. City N.Y.,* 436

---

**2.** I omit the allegations pertaining to non-movant Dion.

**3.** In addition Wall seems to also assert that PCM and CMS breached their contract with the jail by not providing adequate medical care and that is a "failure to plaintiff and violated plaintiff's constitutional rights." This theory of liability appears on its face to have no merit as Wall was not a party to the contract between PCM or CMS and the jail.

Wall also references the Americans with Disabilities Act and asserts that it was improper to delay or deny treatment on the grounds of his Hepatitis C infection. He also seems to be asserting an equal protection claim under the Constitution. The defendants have not addressed the complaint on these grounds and I make no comment on their merits, or lack thereof.

U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) ("Local governing bodies ... can be sued directly under [42 U.S.C.] § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," footnote omitted); *id.* at 690–91, 98 S.Ct. 2018 ("[A]lthough the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 'person,' by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels.").

With respect to his claims against these defendants Wall ultimately must establish two elements:

> First, the custom or practice must be attributable to the municipality, i.e., it must be "so well settled and widespread that the policymaking officials of the municipality can be said to have either actual or constructive knowledge of it yet did nothing to end the practice." *Bordanaro v. McLeod,* 871 F.2d 1151, 1156 (1st Cir.1989). Second, the custom must have been the cause of and "the moving force" behind the deprivation of constitutional rights. *Id.* at 1157.

*Miller v. Kennebec County,* 219 F.3d 8, 12 (1st Cir.2000).

■ There is another facet of this municipal liability that these defendants have relegated to the woodwork. In *Pembaur v. City of Cincinnati* the United States Supreme Court stated that "it is plain that municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances." 475 U.S. 469, 480, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). And, in *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit* the Court overturned dismissal of a municipal liability suit challenged on the grounds that a plaintiff must do more than plead a single instance of misconduct, observing that in view of Federal Rule of Civil Procedure 8's "short and plain statement of the claim" pleading standard "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." 507 U.S. 163, 168–169, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).

■ Wall has alleged that on two visits with a dentist, name unknown, he was denied adequate medical care, that he filed several complaints concerning this failure to treat, and that the failure to treat resulted in prolonged pain and led to a very serious gangrenous infection. The protections of the Eighth Amendment "enjoyed" by individuals convicted of crimes extend to pre-trial detainees by dint of the Fourteenth Amendment Process Clause, for the Fourteenth Amendment due process protections are "at least as great as the Eighth Amendment protections available to a convicted prisoner." *Calderon–Ortiz v. Laboy–Alvarado,* 300 F.3d 60, 64 (1st Cir.2002).

■ Deliberate indifference liability attaches only when a state actor "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The state actor "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837, 114 S.Ct. 1970. The First Circuit has ex-

plained that "under the second requirement of *Farmer*, plaintiffs must show: (1) the defendant knew of (2) a substantial risk (3) of serious harm and (4) disregarded that risk." *Calderon–Ortiz*, 300 F.3d at 64. Wall has sufficiently put forth his theory that these defendants are responsible for "policy or custom" that caused or was "the moving force" behind the deprivation of his constitutional right. *Miller*, 219 F.3d at 12. Indeed, even if there is no blanket policy or custom vis-à-vis treating inmates with Hepatitis C infection, and if Wall can demonstrate that an employee of these defendants was a final "policy maker" with respect to treating his condition and decided not to treat the condition pursuant to a "custom or policy" promulgated by the defendants in contravention of the United States Constitution, then these defendants could be held liable under 42 U.S.C. § 1983. *Austin*, 195 F.3d at 729.

## CONCLUSION

Though Wall may not have uttered the magic words "policy and custom" in this, his initial, complaint he has alleged *"facts* [that] support [ ] his claim*"* and that "which would entitle him to relief." *Conley*, 355 U.S. at 45–46, 78 S.Ct. 99. Hence, I recommend that the Court **DENY** the motions by PrimeCare Medical, Inc and Correctional Medical Services, Inc.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) (1988) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

February 26, 2003.