Artemis COFFIN, et al., Plaintiffs,

v.

BOWATER INCORPORATED, et al., Defendants.

No. CIV.03–CV–227–GC.

United States District Court, D. Maine.

Oct. 12, 2004.

Jonathan S.R. Beal, Law Office of Jonathan S.R. Beal, Rufus E. Brown, Brown & Burke, Portland, OR, Abigail Carter, Bredhoff & Kaiser, P.L.L.C., Leon Dayan, Bredhoff & Kaiser, P.L.L.C., Douglas L. Greenfield, Bredhoff & Kaiser, P.L.L.C., Washington, DC, Diane A. Khiel, Law Office of Diane A. Khiel, Orono, ME, for Plaintiffs.

Robert P. Davis, Mayer, Brown, Rowe & Maw, Richard J. Favretto, Mayer, Brown, Rowe & Maw, Reginald R. Goeke, Mayer, Brown, Rowe & Maw, Washington, DC, Richard G. Moon, Moon, Moss, McGill, Hayes & Shapiro, P.A., Eric J. Uhl, Moon, Moss, McGill, Hayes & Shapiro, P.A., for Defendants.

## MEMORANDUM OF DECISION AND ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE AND DENYING DEFENDANTS' MOTION TO DISMISS

GENE CARTER, Senior District Judge.

Now before the Court is Defendants' Motion to Dismiss (Docket Item No. 14) with respect to Plaintiffs' Labor Management Relations Act ("LMRA") claims (Counts III and IV) and Plaintiffs' Motion to Strike Defendants' Exhibits 1, 8, 9, 10, 11, 12, and 13 (Docket Item No. 18) that are attached to Defendants' Motion to Dismiss. Defendants incorporate these documents by reference and rely on them in support of their Motion to Dismiss. When considering a motion to dismiss, a court generally will not consider documents outside of the complaint unless they are "expressly incorporated therein." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). Exceptions to this rule exist "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiff's claim; or for documents sufficiently referred to in the complaint." *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir.1993).

Initially, the Court must address Plaintiffs' Motion to Strike, in which Plaintiffs' argue that the Court should exclude from consideration on Defendants' Motion to Dismiss certain documents that are either outside the pleadings, not complete, or not properly authenticated. The Court notes that none of the documents have been presented as true and accurate copies of what they purport to be, and none of them are referred to in an affidavit from a person who attests to their authenticity or accuracy. Nevertheless, Defendants argue that this Court can rely on and refer to the documents when it considers the Motion to Dismiss because both are referenced in the Amended Complaint, central to Plaintiffs' claims, or are official public records.

Specifically, Plaintiffs move to strike Exhibits 9, 10, 11, and 12, which appear to be the collective bargaining agreements entered into on or about August 17, 1999, between the various unions representing Plaintiffs and Bowater/GNP/Inexcon.[1] Each of the four exhibits appear to be a collective bargaining agreement covering a discrete union: United Plant Guard Workers Association ("UPGWA") (Ex. 9), Office and Professional

---

1. On this record, the Court does not decide the issue of who is a party to the collective bargaining agreements.

Employees International Union ("OPEIU") (Ex. 10), the Trades (Ex. 11), Paper Allied–Industrial Chemical & Energy Workers International Union ("PACE") (Ex. 12). Plaintiffs contend that Defendants have omitted pages in each of the agreements including a signature page, a sample of the pension enhancement calculations, as well as various other pages. *See* Plaintiffs' Motion to Strike at 4. Most importantly, Plaintiffs assert that all four of the labor agreements submitted by Defendants have omitted a page that is central to Plaintiffs' position on their breach of contract claims under LMRA, 29 U.S.C. § 301.

Defendants respond by stating that "Bowater has identified in its files the page to which plaintiffs appear to refer and has submitted it to the Court" but that "it takes no position as to whether that page . . . is part of the parties' agreement." Defendants' Opposition to Plaintiffs' Motion to Strike (Docket Item No. 25) at 7–8 n. 5. Defendants assert that Bowater's omission of the page upon which Plaintiffs fundamentally rely was the result of an "inadvertent clerical error." *See* Affidavit of Douglas E. Conomy (Docket Item No 25, Ex. A), a contract attorney working for the law firm representing Bowater. In response to Plaintiffs' challenge to the authenticity and completeness of Exhibits 9, 10, 11, and 12, Defendants submit a new version of Exhibit 11—designated as Exhibit 11(a)—"that includes the pages identified by Plaintiffs, and [Defendants are] willing to assume, for purposes of this motion only, that Exhibit 11(a) is a complete agreement between the parties." Defendants' Opposition to Plaintiffs' Motion to Strike at 8 n. 5. The Court cannot be certain, given Defendants' tentative and vague response that it "identified in its files the page to which Plaintiffs appear to refer," *id.* at 7, and that "it takes no position as to whether that page . . . is part of the parties agreement," *id.* at 8 n. 5, whether the missing page is indeed part of the labor agreement with the Trades signed in August 1999.

■ With respect to the missing pages in the other labor agreements, Defendants assert that they are "beside the point"—that is, that they do not alter the terms of the 1999 agreements whereby Bowater terminated all of its contractual obligations. *Id.* at 8. Curiously, even after Plaintiffs point out the missing pages in the other collective bargaining agreements Defendants have submitted in support of their Motion to Dismiss, Defendants did not submit complete versions of the other three labor agreements that include the pages that provide the language upon which Plaintiffs rely. Given the problems with the authenticity and completeness of the labor agreements, the Court will grant Plaintiffs' Motion to Strike Exhibits 9, 10, 11, and 12.

■ Plaintiffs move to strike Exhibit 1, which is a document dated October 9, 1991 and entitled "Stock Purchase Agreement" between Bowater Incorporated and Great Northern Nekoosa Corporation. Defendants assert in their motion that Exhibit 1 "is incorporated by reference in Plaintiffs' Complaint." Motion to Dismiss at 3 n. 2. Plaintiffs first respond by arguing that they make no reference to the documents comprising stock purchase agreements, nor is this document central to Plaintiffs' claims. Although the agreement is not specifically referenced in the Amended Complaint, Plaintiffs do refer to the sale that occurred between Bowater and Great Northern Nekoosa Corporation. Plaintiffs further question the authenticity of this document by claiming that they have never seen it before. After careful consideration of factors including Plaintiffs' challenge to the documents, Defendants' failure to attempt to establish, by affidavit or certification, that the documents attached as exhibits are true, accurate, and complete copies of the originals, and the lack of completeness of other documents filed by Defendants in support of their Motion to Dismiss, the Court will grant Plaintiffs' Motion to Strike Exhibit 1.

■ With respect to Exhibit 8—Bowater's filing with the Securities and Exchange Commission ("SEC") dated August 17, 1999, and signed September 1, 1999, which has attached as an exhibit the Stock Purchase Agreement between Bowater and Inexcon Maine, Inc.—Defendants cite to the Stock Purchase Agreement not for the terms of the agreement itself, but for the proposition that

because it was publicly filed, Plaintiffs should have been on notice of its terms. *See* Defendants' Motion to Dismiss at 14. Plaintiffs contend that they did not refer to the SEC filing in their Complaint. Moreover, Plaintiffs assert that they did not incorporate it or make it central to their claims. However, Plaintiffs do not dispute that the SEC filing is a public record and the Amended Complaint does refer to the 1999 sale by Bowater to Inexcon. *See* Amended Complaint at ¶ 46. Although the 1999 agreement is attached to a document as part of a public record and it may be referred to in the Amended Complaint in such a way as to make it appropriate for the Court to consider it in connection with Defendants' Motion to Dismiss, Plaintiffs assert that Exhibit 8 is not a complete and authentic copy of the agreement. Plaintiffs contend that the copy of the agreement that is attached to the SEC filing does not contain the actual signature pages, the schedules listed on pages vii-viii of the Table of Contents, or other contemporaneously executed agreements that are properly considered part of the Stock Purchase Agreement, such as the Assignment and Assumption Agreement. Defendants do not specifically respond to this contention. Because the completeness of the document is challenged and that issue cannot be resolved on this record, the Court cannot properly consider the SEC filing with the attached agreement in connection with Defendants' Motion to Dismiss. Accordingly, the Court will grant Plaintiffs' Motion to Strike Exhibit 8.

■ Exhibit 13 appears to be part of a transcript of a hearing held on January 15, 2003, before the United States Bankruptcy Court in the District of Maine. According to Defendants, at the hearing "representatives of GNP's unions appeared ... to compel GNP to continue providing medical benefits to its retirees." Motion to Dismiss at 12–13. Defendants appear to want the Court to infer from the transcript that Plaintiffs consented to the transfer of their retiree benefits to Inexcon. This document, although a public record, is not referenced in the Amended Complaint nor is it central to Plaintiffs'

claims. Moreover, Plaintiffs assert that the issue of whether or not union representatives sought to compel GNP to continue providing medical benefits is separate from, and irrelevant to, the question of whether Bowater is independently liable for those benefits. *See* Amended Complaint at ¶¶ 2–3. On this record, the Court understands Plaintiffs' Amended Complaint to raise the issue of Bowater's independent liability for retiree medical benefits and will, therefore, grant Plaintiff's Motion to Strike Exhibit 13.

Finally, invoking Rule 12(b)(6), Defendants move to dismiss both of Plaintiffs' LMRA claims. *See* Defendants' Motion to Dismiss at 6–10. When considering a motion to dismiss under Rule 12(b)(6), "a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiff[ ]." *Alternative Energy*, 267 F.3d at 33. The defendant is entitled to dismissal for failure to state a claim only if "it appears to a certainty that the plaintiff would be unable to recover under any set of facts." *State St. Bank & Trust Co. v. Denman Tire Corp.*, 240 F.3d 83, 87 (1st Cir.2001)(quoting *Roma Const. Co. v. aRusso*, 96 F.3d 566, 569 (1st Cir. 1996)); *see also Wall v. Dion*, 257 F.Supp.2d 316, 318 (D.Me.2003). After careful consideration of Defendants' Motion to Dismiss, the Court concludes that without complete, authenticated documentary support it is not possible to determine if Bowater was a party to the collective bargaining agreements at issue and, therefore, Defendants' Motion to Dismiss the LMRA claims must be denied.[2]

Accordingly, the Court **ORDERS** that Plaintiffs' Motion to Strike Exhibits 1, 8, 9, 10, 11, 12, and 13 be, and it is hereby, **GRANTED** and Defendants' Motion to Dismiss be, and it is hereby, **DENIED** on Plaintiffs' LMRA claims (Counts III and IV).

---

**2.** The Court does not reach and takes no position herein on the legal issues discussed by the parties in their argumentation on the single employer and alter ego theories of recovery under LMRA.